OPINION
{¶ 1} Appellants appeal the judgment of the Ashtabula County Common Pleas Court, which, following a jury trial, entered judgment in favor of defendant-appellee Edith Cortright. We affirm.
 {¶ 2} This case arises from a motor vehicle collision that occurred on October 2, 1998. Appellant Wendy Busch was travelling east on West Ashtabula Street in Jefferson Village approaching an intersection. As Busch slowed to stop, she was broadsided by the vehicle driven by Cortright, who was exiting a gas station. Busch filed suit alleging that she sustained injuries to her neck and back as a result of the accident.
 {¶ 3} Cortright admitted negligence and the case proceeded to trial on the issue of proximate cause of Busch's alleged injuries. At trial, Busch presented testimony of two experts — Dr. Lax, a neurologist, and Dr. Thomas. Both had treated Busch and both agreed that Busch had suffered injuries to her neck and back as a result of the accident. Cortright did not present any expert testimony on the issue of damages; however, she did present evidence that the collision resulted in only a minor impact and that it caused only minor, cosmetic damage to her vehicle.
 {¶ 4} The jury returned a verdict in favor of Cortright. The trial court denied Busch's motion for a new trial and entered judgment on the jury's verdict. Busch appeals raising three assignments of error:
 {¶ 5} "[1.] The verdict of the jury, awarding zero ($0) dollars in damages, is against the manifest weight of the evidence.
 {¶ 6} "[2.] The trial court erred in denying Mrs. Busch's motion for a new trial.
 {¶ 7} "[3.] The trial court erred in failing to exclude defendant's photographs allegedly depicting minimal damage caused to defendant's vehicle."
 {¶ 8} Busch's first two assignments of error are premised on the theory that it was undisputed that she suffered some compensable injury in the collision. Therefore, we address these assignments of error together.
 {¶ 9} When determining whether a civil judgment is against the manifest weight of the evidence, we review the record and if there is some competent, credible evidence going to all the essential elements of the case, we will not reverse the judgment. C.E. Morris Co. v. FloeyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 10} Here Busch contends that Cortright admitted negligence and she presented uncontroverted evidence that she sustained some injury as a result of the accident. Therefore, Busch argues the jury's verdict in favor of Cortright was against the manifest weight of the evidence. We disagree.
 {¶ 11} A verdict in favor of the defendant in an admitted negligence case does not necessarily create a manifest injustice. Sautov. Nacht (April 16, 1998), 8th Dist. No. 73118, 1998 WL 183812. See, also, Michelson v. Kravitz (1995), 103 Ohio App.3d 301.
 {¶ 12} To prevail on a claim for negligence the plaintiff must prove the following elements: (1) the existence of a duty owed by the defendant to the plaintiff, (2) the breach of duty, (3) causation, and (4) damages. See Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 77. In the instant case, appellee admitted the first two elements but denied that her negligence was the proximate cause of Busch's damages. Thus, appellee stipulated to her negligence but not her liability.
 {¶ 13} Busch presented expert medical testimony that she suffered injuries to her neck and back as a result of the accident. However, the jury was not required to give any weight to this testimony. In Doss v.Smith (June 25, 1998), 8th Dist. No. 72672, 1998 WL 338070, the court stated:
 {¶ 14} "* * * we note the jury is not required to give any additional weight to the opinion of an expert, if any weight at all. Rather, an expert's opinion is admissible, as is any other testimony, to aid the trier of fact in arriving at a correct determination of the issues being litigated. Expert testimony is permitted to supplement the decision-making process of the `fact finder' not to supplant it. Again, we stress that a jury is considered the primary fact-finder whose determination must be afforded due deference upon appellate review." (Internal citations omitted). Id. at 2.
 {¶ 15} In the instant case, both of Busch's experts testified that her injuries were proximately caused by the collision. However, upon cross-examination, both admitted that they were unaware of the extent of Busch's prior medical history, i.e., her involvement in three prior automobile accidents and treatment for neck and back injuries. Such testimony would, at the very least, undermine the weight to be given to such opinions. Therefore, we cannot say that the jury's verdict was against the manifest weight of the evidence.
 {¶ 16} For these same reasons, the trial court did not abuse its discretion in denying Busch's motion for a new trial.
 {¶ 17} In her third assignment of error Busch argues that the trial court erred in admitting photographs of Cortright's vehicle that showed minor damage without requiring Cortright to present expert testimony to establish that minor property damage correlates to minor physical injury. We disagree.
 {¶ 18} We review a trial court's decision to admit or deny evidence only for an abuse of discretion. Nielsen v. Meeker (1996),112 Ohio App.3d 448, 450.
 {¶ 19} We note that Busch testified about the extent of the damage to her vehicle during her case-in-chief. It would be incongruous to prohibit Cortright from presenting evidence to rebut Busch's testimony.
 {¶ 20} We cannot say that the trial court abused its discretion in admitting the photographs. See, generally, Maybaum v. Rakita, 8th Dist. No. 80613, 2002-Ohio-5338, at ¶ 16, (stating, "At trial, expert testimony was offered as to whether the injuries suffered by the appellant were proximately caused by the accident. Moreover, in no way is this court suggesting that expert testimony is always necessary in order for photographic evidence depicting vehicle damage to be admissible at trial. Generally, photographs showing the extent of damage to vehicles are generally relevant, subject to the provisions of Evid.R. 403, to proving the extent of injury suffered by a person inside the vehicle. See, generally, Krannitz v. Harris (Jan. 19, 2001), Pike App. No. 00CA649. Likewise, quoting J. Corrigan, dissenting in Hastie, the extent of damage to a vehicle is often an excellent indicator to the extent of injuries suffered by a person in that vehicle. To suggest that expert testimony is required as a matter of law not only flies in the face of established precedent, but is ill advised. Indianapolis Colts v. Metro.Baltimore Football Club Ltd. Partnership (C.A. 7, 1994), 34 F.3d 410, 415.")
 {¶ 21} For the foregoing reasons the judgment of the Ashtabula County Common Pleas Court is affirmed.
Judgment affirmed.
Judith A. Christley and William M. O'Neill, JJ., concur.