JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Sebastian Congemi ("appellant") appeals from the decision of the trial court granting a motion for new trial in favor of plaintiff-appellee Lorraine Rieman ("Rieman"). Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the trial court's decision.
 I {¶ 2} According to the facts, a motor vehicle accident occurred on September 9, 1999. Appellant was driving approximately five m.p.h. at the time of impact and the front end of his Jeep Grand Cherokee hit the rear of Rieman's Ford Contour.[1] As a result of the accident, Rieman incurred medical damages of $41,951.60.[2]
 {¶ 3} According to the case, the lower court began a jury trial on May 19, 2003, at which point appellant made a motion for directed verdict as to his employer, Miles Farmers Market. Rieman agreed to the motion for directed verdict as to appellant's employer, thereby leaving only appellant and Rieman in the case from that point forward. The jury returned a verdict for the appellant on May 22, 2003. On June 4, 2003, Rieman filed a renewed motion for a new trial and appellant filed his opposition on June 5, 2003. The trial court granted the motion for new trial on July 3, 2003 and appellant filed his appeal with this court on July 22, 2003.
 II {¶ 4} Appellant's assignment of error states: "The trial court abused its discretion by granting a new trial where the verdict for defendant was supported by substantial competent, credible evidence."
 {¶ 5} The standard of review for such matters is to determine whether the trial court abused its discretion in reaching its judgment. Absent a clear abuse of that discretion, the lower court's decision should not be reversed. Mobberly v. Hendricks
(1994), 98 Ohio App.3d 839, 845. "An abuse of discretion involves far more than a difference in opinion. The term discretion itself involves the idea of choice, of an exercise of will, of a determination made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman v.Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87, quoting Statev. Jenkins (1984), 15 Ohio St.3d 164, 222. An abuse of discretion implies more than an error of law or judgment. Rather, abuse of discretion suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. In re JaneDoe 1 (1991), 57 Ohio St.3d 135; Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 6} The generally accepted rule is that a reviewing court should view the evidence favorably to the trial court's action rather than to the jury's verdict. The predicate for the rule springs, in part, from the principle that the discretion of the trial judge in granting a new trial may be supported by his having determined from the surrounding circumstances and atmosphere of the trial that the jury's verdict resulted in manifest injustice. Jenkins v. Krieger (1981),67 Ohio St.2d 314.
 {¶ 7} Civ.R. 59(A)(6) provides that a trial court may order a new trial if it is apparent that the verdict is not sustained by the manifest weight of the evidence. Appellant contends that the trial court erred in granting Rieman's motion for a new trial. Civ.R. 59 states the following:
"(A) Grounds. A new trial may be granted to all or any of theparties and on all or part of the issues upon any of thefollowing grounds:
 Irregularity in the proceedings of the court, jury,magistrate, or prevailing party, or any order of the court ormagistrate, or abuse of discretion, by which an aggrieved partywas prevented from having a fair trial;
 Misconduct of the jury or prevailing party;
 Accident or surprise which ordinary prudence could not haveguarded against;
 Excessive or inadequate damages, appearing to have been givenunder the influence of passion or prejudice;
 Error in the amount of recovery, whether too large or toosmall, when the action is upon a contract or for the injury ordetention of property;
 The judgment is not sustained by the weight of the evidence;however, only one new trial may be granted on the weight of theevidence in the same case; * * *" (Emphasis added.)
 {¶ 8} In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown. The trial judge indicated in his ruling that Civ.R. 59(A)(4) applies because the damages awarded were inadequate. In the case at bar, the jury did not award Rieman any damages. The judge stated that Rieman had medical bills totaling $41,951.60, and that she should have at least received damages for the emergency room visit.
 {¶ 9} In the case at bar, Rieman admitted past medical bills, totaling $41,951.60, into evidence. Both appellee's treating physician, Dr. Yokiel, and one of appellant's medical experts, Dr. Mann, testified that the past medical special damages were reasonable. Furthermore, Dr. Yokiel and Dr. Mann testified that the future pain management treatment was related to the injuries and was reasonable and necessary. Drs. Yokiel and Mann also testified as to the permanency of Rieman's condition, stating that she will suffer daily pain and discomfort for the remainder of her life.
 {¶ 10} A new trial on the issue of damages is appropriate where the jury's awards for past and future pain and suffering are grossly inadequate in view of the evidence. Bailey v.Allberry (1993), 88 Ohio App.3d 432. Generally, a new trial should be granted under Civ.R. 59(A)(6) where it appears the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony. Dillon v. Bundy (1991), 72 Ohio App.3d 767. As previously stated, in the case sub judice, it is indisputable that Rieman admitted all relevant medical bills, including a bill for her emergency room visit, immediately after the automobile accident. The medical damages in this case totaled over $40,000, yet the jury failed to award even nominal damages.
 {¶ 11} For the foregoing reasons, we find that the trial court did not abuse its discretion in granting a new trial. The trial court's granting of a new trial for Rieman was not unreasonable, arbitrary or unconscionable. Appellant's assignment of error is overruled. The order of the trial court granting Rieman's motion for a new trial is affirmed.
 {¶ 12} The judgment is affirmed.
Judgment affirmed.
Celebrezze, Jr., P.J., and Sweeney, J., concur.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Tr. at 244.
[2] See Rieman's brief, filed Nov. 17, 2003, p. 2.