OPINION
{¶ 1} Appellant, Vernon Hopkins, Jr. (Hopkins), appeals a decision by the Ashtabula County Court of Common Pleas which granted appellees, Andy and Tracy Palmer's motion for new trial. For the reasons stated herein, we affirm the trial court's decision.
 {¶ 2} On December 2, 2002, Hopkins was operating his 1998 Dodge Neon on a two-lane highway in Ashtabula County. Road conditions were not favorable. Hopkins hit his brakes in reaction to traffic patterns causing his vehicle to skid left of center into *Page 2 
the opposite lane of traffic. The Palmers were traveling in the opposite lane in a Jeep Grand Cherokee. Andy was driving the Cherokee. In order to avoid a head-on collision with appellant, Andy drove off the road, hitting mailboxes and a fire hydrant. The Palmers' vehicle drove over a snowbank and came to rest in a residential yard. Thus, the vehicles never collided.
 {¶ 3} The Palmers filed their complaint on December 1, 2004. The Palmers alleged Hopkins' negligence had caused "pain, physical and mental suffering damages." They requested monetary compensation for these damages.
 {¶ 4} A jury trial was held in February 2006. Hopkins admitted he was negligent in the operation of his motor vehicle. Therefore, the only issues tried to the jury were causation and damages. The jury returned a verdict in favor of Hopkins and denied the Palmers any compensatory damages.
 {¶ 5} On February 15, 2006, the Palmers filed a motion for judgment notwithstanding the verdict, or, in the alternative for a new trial. A hearing was held on this motion on March 23, 2006.[1] The trial court granted the Palmers' motion for a new trial. In doing so, the trial court found that the judgment of the jury was not supported by the weight of the evidence. Specifically, the court found:
 {¶ 6} "* * * the judgment in this case, returned in favor of the Defendant, is not sustained by the weight of the evidence. The Plaintiffs offered evidence that they were in an automobile accident, which was caused by the actions of the Defendant, and that they received some injuries. The injuries claimed by the Plaintiffs were of a whiplash nature, the Plaintiffs testifying that they attempted to treat themselves initially because *Page 3 
they did not have insurance to pay any medical bills. Eventually, the parties treated with Dr. Randy Trice, who testified and presented evidence that their injuries were proximately caused by the motor vehicle being forced off the roadway and striking items along the side of the road. The Defendant did not offer any direct evidence that the Plaintiffs did not receive injuries. No Defense [sic] medical expert was called to testify on behalf of the Defense [sic].
 {¶ 7} "* * * [A] Jury is not justifiably permitted to simply disregard all of the evidence that is offered in a trial. * * * [I]t appears the Jury disregarded the positive evidence of the Plaintiffs and their expert witness and simply declined to believe the evidence that was offered by the Plaintiffs. In this regard, there was no direct conflicting evidence for the Jury to adopt. * * * [T]he Jury's verdict can not [sic] be reconciled with the undisputed evidence in this case, and that a verdict in favor of the Defendant both shocks the reasonable sensibilities of this Court and shocks its sense of justice and fair play."
 {¶ 8} It is from this judgment entry granting the Palmers a new trial that Hopkins now appeals. Hopkins asserts a single assignment of error:
 {¶ 9} "The trial court erred to the prejudice of defendant-appellant in granting the motion for a new trial made by plaintiffs-appellees."
 {¶ 10} The trial court granted the Palmers' motion for a new trial on the basis of Civ.R. 59(A)(6). According to Civ.R. 59(A)(6): "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: * * * The judgment is not sustained by the weight of the evidence * * *." *Page 4 
 {¶ 11} To prevail on their negligence claim, the Palmers had to prove: "* * * (1) the existence of a duty owed by the defendant to the plaintiff, (2) the breach of duty, (3) causation, and (4) damages." Erie Ins. Co.v. Cortright, 11th Dist. No. 2002-A-0101, 2003-Ohio-6690, at ¶ 12. On appeal, this appellate court is placed in the unique position of reviewing the trial court's essential reversal of the jury's verdict. This action by the trial court in usurping the jury as the fact-finder is not one to be taken lightly. Padden v. Herron, (Dec. 24, 1998), 11th Dist. No. 97-L-223, 1998 Ohio App.LEXIS 6296, *6. "Nevertheless, when presented with a motion for a new trial under Civ.R. 59(A)(6), the trial court must engage in a limited weighing of the evidence. The trial court may not set aside a verdict based upon a mere difference of opinion with the jury as to the weight of the evidence." Id.
 {¶ 12} We review a trial court's decision on a motion for new trial pursuant to an abuse of discretion standard. Id.; see, also, Sims v.Rosenblatt (Jul. 31, 2000), 5th Dist. No. 1999CA00332, 2000 Ohio App. LEXIS 3421, *5. An abuse of discretion is more than an error of law or judgment; it implies the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. "A trial court is not permitted to grant a new trial merely because it would have decided the case differently. Rather, a trial court may grant a new trial only if there is no substantial, credible evidence upon which the jury could have arrived at its verdict."Sims, supra.
 {¶ 13} However, appellate review of a trial court's decision to grant a new trial is unique. In this instance, "* * * a reviewing court must view the evidence favorably to the trial court's action rather than to the jury's verdict." Padden, supra, *7. This deference *Page 5 
is granted on the basis that the trial judge, as opposed to the appellate court, observed the trial, including the demeanor and credibility of witnesses. Id.
 {¶ 14} In the instant case, the trial court opined that the evidence did not coincide with the jury's defense verdict. At trial, Tracy testified that she sustained neck and back injuries as a result of the accident. Tracy further testified that she sought chiropractic treatment through Dr. Trice and medical treatment through her own primary care physician.[2] The records confirmed that Tracy's first appointment with Dr. Trice was January 29, 2003.[3] Dr. Trice diagnosed Tracy with cervical, thoracic, lumbar and sacroiliac sprain/strain. He recommended treatment and traction. Due to the Palmers' honeymoon, Tracy did not return for treatment with Dr. Trice until March 10, 2003. According to the Palmers' testimony, during the honeymoon, Tracy would use the home-traction unit to alleviate her discomfort. Tracy treated with Dr. Trice on eleven additional occasions. Dr. Trice provided spinal manipulation, neuromuscular reeducation and electrical muscle stimulation as treatment. Dr. Trice testified that Tracy's condition would most likely require continuous sporadic care and treatment into the future due to the risk of rapid degeneration as a result of the injuries. According to Dr. Trice, Tracy's injuries were directly related to the motor vehicle accident that occurred with Hopkins on December 2, 2002. Tracy's treatment with Dr. Trice cost *Page 6 
$2,025.00. Tracy did not return to Dr. Trice for further treatment despite his recommendation for her to do so.
 {¶ 15} Likewise, Andrew testified that he sustained injuries as a result of the accident. He described injuries to his neck and back as well as numbness and tingling in his digits and feet. Andrew's initial appointment with Dr. Trice was on January 8, 2003. Dr. Trice diagnosed the following: "sprain/strain injuries, basically, to the cervical, thoracic, and lumbopelvic region." Andrew treated with Dr. Trice on three additional occasions following the initial visit. During these sessions, Dr. Trice provided neuromuscular reeducation, manual therapies and ultrasound treatments. Like Tracy, Andrew was advised to perform certain exercises from home commensurate with the treatments. Dr. Trice opined that Andrew's injuries were the direct result of the motor vehicle accident on December 2, 2002. Dr. Trice suggested follow-up care for Andrew as well; however, Andrew did not return for further treatment. Andrew's treatment with Dr. Trice cost $795.00.
 {¶ 16} Both Andrew and Tracy testified that the accident impacted their lives immediately following the incident. Andrew and Tracy were married less than one week after the accident. Their injuries impacted their honeymoon, their self-employment, their quest to develop a newly acquired trenching business and their day-to-day activities.
 {¶ 17} The only witness on behalf of the defense was the defendant himself, Mr. Hopkins. Hopkins testified that the Palmers had no choice but to go off the side of the road or they would have hit him broadside.
 {¶ 18} Hopkins did not present any expert testimony to refute Dr. Trice's connection of the accident in question to the sustained injuries. Nor is he required to do *Page 7 
so. See, generally, Cortright, supra, at ¶ 13. In addition, the jury verdict in favor of the defendant on its face is not disjunctive even though the defendant admitted negligence. "A verdict in favor of the defendant in an admitted negligence case does not necessarily create a manifest injustice." Id., at ¶ 11, citing Sauto v. Nacht (Apr. 16, 1998), 8th Dist. No 73118, 1998 Ohio App. LEXIS 1608.
 {¶ 19} The jury obviously did not place much weight in Dr. Trice's testimony. This is the province of the jury and it is its right to assess weight and credibility. Cortright, supra, at ¶ 14. However, pursuant to our limited standard of review and given the fact that this standard of review lends to an indulgence in favor of the trial court, we are not charged with determining whether this court would have granted the motion for a new trial. See, Padden, supra. Rather, we are charged to determine whether in doing so, the trial court abused its discretion.[4] Appellant urges the underlying facts are analogous to those present in Cortright. However, in Cortright, this court was faced with the question whether the trial court's denial of the motion for a new trial was an abuse of discretion. In this case, we are presented with the opposite — yet are confined to the same standard of review: abuse of discretion. See, Cortright, supra, at ¶ 4. Under this standard of review and giving due deference to the trial court as being the original ear for the trial testimony as we are required to do, we cannot say the trial court's decision was arbitrary, unreasonable or unconscionable.
 {¶ 20} Therefore, appellant's single assignment of error is without merit. *Page 8 
 {¶ 21} For the reasons stated in the Opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.
COLLEEN MARY OTOOLE, J., concurs,
DIANE V. GRENDELL, J., dissents with Dissenting Opinion.
[1] The judgment entry indicates the hearing was held on March 23, 2005. However, this is a physical impossibility since the case was not tried until 2006. Therefore, we have reflected the correct year.
[2] Randy D. Trice, D.C. testified through the admission of his deposition testimony. Dr. Trice is a doctor of chiropractic.
[3] Dr. Trice's records and Tracy's testimony regarding prior motor vehicle accidents and neck and back injuries are conflicting. According to the records, Tracy had previously suffered five "serious" whiplash injuries including one from a motor vehicle accident in which she was struck from behind by a truck driving at an estimated speed of 80 mph. Tracy testified that she had only received two prior injuries to the neck and back including the prior whiplash injury as a direct result of the accident with the fast-moving truck. Defense counsel brought to light during his cross-examination of Tracy that as a result of that prior accident in 1996, she had claimed permanent injuries. Tracy dismissed that claim and stated that the attorney representing her at that time had requested those damages without her knowledge.
[4] On appeal, the Palmers claim that Hopkins' trial counsel made a judicial admission of damages during his closing argument when he appealed to the jury to award each plaintiff $500. This does not constitute a judicial admission as the entire tenor of the trial and defense of the damages and proximate cause elements do not indicate that defense counsel intended to "dispense with formal proof of material facts." Padden, supra, at 5, citing Holeski v. Lawrence (1993),85 Ohio App.3d 824, 833.