{¶ 22} I respectfully dissent.
 {¶ 23} The fact that the jury found in favor of appellee, without appellee's introduction of an expert witness to rebut the testimony of appellants and appellants' "expert", does not require the conclusion that such judgment is not sustained by the weight of the evidence. Rather, the jury could reach that verdict by finding the testimony of appellant and appellant's expert witness not credible. See Johnson v.Malone (Aug. 15, 1997), 11th Dist. No. 96-T-5513, 1997 Ohio App. LEXIS 3661, at *4 ("[T]he opinion of an expert, including an opinion offered by a medical expert in personal injury cases * * * is an item of evidence intended to assist the jury in reaching the correct result in consideration with the other evidence of the case, and that expert's opinion is not ordinarily conclusive upon the jury.") (citations omitted).
 {¶ 24} Here, the jury chose not to believe plaintiffs' medical expert, based upon the conflict between Dr. Trice's medical records and testimony and Tracy's testimony on *Page 9 
cross-examination regarding injuries sustained in earlier accidents. Appellants bore the burden of proving their injury. See Gedra v. DallmerCo. (1950), 153 Ohio St. 258, at paragraph two of the syllabus ("In a negligence action, it is not sufficient for the plaintiff to prove that the negligence of the plaintiff might have caused an injury to the plaintiff, but, if the injury complained of might well have resulted from any one of several causes, it is incumbent upon plaintiff to produce evidence which will exclude the effectiveness of those causes for which defendant is not legally responsible."). This can be difficult, especially in a "soft tissue" injury case. However, simply claiming injury is not sufficient if the jury does not find that claim credible enough to rule in plaintiffs favor. That is precisely the outcome in this case. Thus, appellee was not required to present a rebuttal expert. Erie Ins. Co. v. Cortright, 11th Dist. No. 2002-A-0101,2003-Ohio-6690, at ¶ 13, ¶ 20.
 {¶ 25} There was no basis for the trial court's nullification of the jury's verdict for appellee in this case. As such, granting appellant's motion for a new trial constituted an abuse of discretion.
 {¶ 26} For these reasons, the decision of the Ashtabula County Common Pleas Court granting appellant's motion for a new trial should be reversed and the verdict of the jury should be left intact. *Page 1