OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiffs-Appellants, Sandra and Brad Burris, appeal the decision of the Jefferson County Court of Common Pleas that granted judgment to them against Defendant-Appellee, Teddy Burnworth, in a case arising out of an automobile accident caused by Burnworth. On appeal, the Burris' argue that the jury's damages award is inadequate because it fails to account for an element of damages that was established by uncontroverted expert testimony. They also contend that the jury's award is inadequate because it did not award damages for pain and suffering even though it awarded medical expenses. We find each of their arguments to be meritless.
 {¶ 2} Although the Burris' argue they proved certain aspects of their claims with uncontroverted evidence, the record shows that the evidence, while not directly controverted by direct testimony from defense witnesses, was indirectly controverted both by the witnesses for the defense and the cross-examination of the plaintiff's expert witnesses. Since the evidence supporting these aspects of the Burris' claims was, in fact, controverted, it was not against the manifest weight of the evidence for the jury to refuse to award damages for those claims.
 {¶ 3} Moreover, the jury's award was not inadequate for failing to award pain and suffering. A jury can refuse to award pain and suffering, even if it does award medical damages, if there is reason to believe that the plaintiff did not incur those damages. In this case, it was reasonable for the jury to award the Burris' damages for the ambulance ride and emergency room visit immediately after the accident, but deny damages for pain and suffering on the belief that Sandra was not actually injured in the accident.
 {¶ 4} Since the Burris' have failed to demonstrate grounds for setting aside the jury's verdict, the trial court's decision is affirmed.
 Facts {¶ 5} On July 5, 2003, Teddy Burnworth caused an accident with a car driven by Sandra Burris. Sandra was taken by ambulance to the emergency room, where she was *Page 3 
diagnosed with a sprained right shoulder and a chest contusion. A few days after the accident, she visited her family doctor, who failed to make any notation indicating that Sandra told him she had been injured in an automobile accident.
 {¶ 6} Before the accident, Sandra had been suffering from fibromyalgia, a chronic condition characterized by pain, and had neck and back issues. After the accident, she complained of pain and neck and back injuries in particular. Her doctor sent her to specialists, one of whom diagnosed her with a temporal mandibular joint (TMJ) injury. Another doctor discovered that Sandra had bulging disks in her back.
 {¶ 7} The Burris' filed suit against Burnworth on March 30, 2005, and the action proceeded to a jury trial. At trial, the defense put on an expert who disputed whether Sandra's back injuries were caused by the accident. The defense's expert presented no opinion on whether Sandra's TMJ injury was caused by the accident. The jury returned a verdict for the Burris' in the amount of $1,055.00, the exact amount of Sandra's ambulance and emergency room bills. Jury interrogatories showed that the jury did not award any damages for pain and suffering or any of Sandra's other medical bills.
 Manifest Weight {¶ 8} The Burris' argue the following assignment of error on appeal:
 {¶ 9} "The judgment and verdict of the jury is inadequate, contrary to law and against the weight of the evidence."
 {¶ 10} A verdict will not be reversed by a reviewing court as being against the manifest weight of the evidence if that verdict is "supported by some competent, credible evidence going to all the essential elements of the case." CE. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 280. "[I] n order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the elements of damage making up the plaintiff's claim." Bailey v. Allberry (1993), 88 Ohio App.3d 432. The weight to be given the *Page 4 
evidence and determinations regarding credibility of witnesses are primarily for the trier of fact. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 11} According to the Burris', the jury's award is inadequate for two reasons: 1) it's award did not cover Sandra's TMJ injury and 2) it did not award damages for pain and suffering, even though it awarded medical expenses for a trip to the emergency room after the accident. The jury interrogatory shows that the jury awarded the Burris' $1,055.00 for Sandra's "Hospital and medical expenses and lost wages." As Burnworth concedes, this award is precisely equal to the ambulance and emergency room bills Sandra incurred immediately after the accident. Thus, the jury clearly decided not to award the Burris' damages for Sandra's pain and suffering or her alleged TMJ injury.
 {¶ 12} The Burris' two arguments are distinct and we will address each argument in turn.
 TMJ {¶ 13} In this case, both Dr. Mark Kissinger, Sandra's treating physician, and Dr. Thomas Brown, a dentist who treated Sandra, testified that Sandra suffered from TMJ problems. Each of these experts testified that, in their opinions, Sandra's TMJ problems were a result of the July 5th automobile accident. The only expert who testified on the behalf of the defense was Dr. Robert Durning, who testified that he had "no opinion about her TMJ." The Burris' argue that since the defense expert did not offer an opinion on the cause of Sandra's TMJ injury, the jury's failure to award damages for this injury was against the manifest weight of the evidence.
 {¶ 14} Generally, a new trial should be granted where it appears that the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony.Dillon v. Bundy (1991), 72 Ohio App.3d 767, 773; Scibelli v.Pannunzio, 7th Dist. No. 02 CA 175, 2003-Ohio-3488, at ¶ 19. However, this is not a hard and fast rule. For example, this court has stated that "a jury is free to believe all, part or none of the testimony of witnesses who appear before them." Scibelli at ¶ 19. "Expert testimony is permitted to supplement the decision-making *Page 5 
process of the `fact finder' not to supplant it." Doss v. Smith (June 25, 1998), 8th Dist. No. 72672 at 2.
 {¶ 15} The Burris' argument hinges on their belief that the only way for the defendant to controvert testimony by a witness for the plaintiff is to provide direct testimony by a defense witness which contradicts the testimony from the plaintiff. However, both caselaw and common sense show that there are ways that a witness's testimony can be attacked other than by direct testimony from an opposing witness. For instance, effective cross-examination can destroy a witness's credibility. Likewise, if a defense witness's testimony indirectly attacks the basis of a plaintiff's witness's testimony, then it effectively controverts that testimony.
 {¶ 16} Erie Ins. Co. v. Cortright, 11th Dist. No. 2002-A-0101,2003-Ohio-6690, is an example of these principles in action. In that case, two people were involved in an automobile accident. After the accident, the plaintiff sued the defendant, claiming neck and back injuries. The defendant admitted negligence, so the case proceeded to trial on the issues of causation and damages. At trial, the plaintiff introduced the testimony of two experts who treated her after the accident and agreed that the accident caused her injuries. The defendant did not present any expert testimony on the issue of damages. Instead, the defendant's evidence established that the collision resulted in only a minor impact and caused only minor, cosmetic vehicular damage. The jury rendered a verdict in the defendant's favor.
 {¶ 17} The appellate court affirmed this verdict despite the fact that the defense did not present an expert on causation. "[U] pon cross-examination, both [of plaintiff's experts] admitted that they were unaware of the extent of Busch's prior medical history, i.e., her involvement in three prior automobile accidents and treatment for neck and back injuries. Such testimony would, at the very least, undermine the weight to be given to such opinions. Therefore, we cannot say that the jury's verdict was against the manifest weight of the evidence." Id. at ¶ 15.
 {¶ 18} In many respects, this case is similar to Cortright since the jury was clearly *Page 6 
given reasons to disregard the opinions of the Burris' experts on the issue of causation of Sandra's TMJ injury. Dr. Brown testified that TMJ can be caused in many ways, including by the stresses of everyday life and the testimony showed that there had been some stressful things happening in Sandra's life. In addition, Dr. Brown had never seen Sandra prior to the car accident. Likewise, Dr. Kissinger had only been treating Sandra for a short time prior to the accident. Furthermore, the defense's expert, when discussing a different medical issue, stated that a doctor cannot determine the cause of an injury conclusively without a medical history of the lack of a condition which could cause the present injury. According to Dr. Durning, a doctor cannot take a patient's description of her symptoms at face value. Thus, the jury could have reasonably believed that Drs. Brown and Kissinger may not have known enough of Sandra's medical history to determine the actual cause of her TMJ, i.e. whether the condition was caused by stress (or similar causes) or the automobile accident.
 {¶ 19} Finally, Dr. Durning's testimony did controvert one aspect of the testimony from the plaintiff's experts. Both Dr. Kissinger and Dr. Shalu Singh, a neurologist who treated Sandra after the accident, testified that the accident caused Sandra's back injuries. Dr. Durning testified that he could not trace any of Sandra's back injuries to the automobile accident. This could have led the jury to disbelieve certain aspect of Dr. Kissinger's testimony about the cause of Sandra's TMJ injury.
 {¶ 20} Admittedly, these facts do not directly contradict the testimony of Drs. Brown and Kissinger about the cause of Sandra's TMJ. However, it is not necessary to directly contradict a witness's statement in order to call that witness's credibility into question. "The credibility of witnesses, including experts, is for the jury to decide." Bleh v. Biro Mfg. Co. (2001), 142 Ohio App.3d 434, 439. We will not substitute our judgment on the credibility of these experts for the jury's considered judgment. Accordingly, the Burris' arguments in this regard are meritless. *Page 7 
 Pain and Suffering {¶ 21} In their other argument, the Burris' contend the jury's award is against the manifest weight of the evidence because the jury did not award them any damages for pain and suffering since it awarded the medical expenses for the ambulance and emergency room. Many courts have decided that a plaintiff is entitled to pain and suffering if there is some uncontroverted evidence of an injury and an award of medical expenses. See Elston v. Woodring, 3d Dist. No. 4-2000-12, 2001-Ohio-2103; Boldt v. Kramer (May 14, 1999), 1st Dist. No. C-980235;Woodfork v. Jones (Feb. 21, 1997), 2d Dist. No. 15841. However, a closer examination of the caselaw shows that courts recognize that this is a fact-specific question and that a jury can properly deny a claim for pain and suffering, even if it awarded medical expenses.
 {¶ 22} In Haller v. Daily, 2d Dist. No. 19420, 2003-Ohio-1941, the jury awarded the plaintiff damages for medical and hospital expenses and lost wages, but no damages for pain and suffering. The plaintiff appealed, arguing that such an award was against the manifest weight of the evidence. The Second District recognized that a jury has three options when faced with a claim for medical expenses and pain and suffering: 1) the medical expenses and pain and suffering were caused by the accident for which the defendant was liable; 2) medical expenses were caused by the accident, but no pain and suffering was caused by the accident; and 3) neither medical expenses nor pain and suffering were caused by the accident for which the defendant was liable. Id. at ¶ 16-17. The question, therefore "is whether there is evidence in the record from which a jury could reasonably have found the intermediate position." Id. at ¶ 17.
 {¶ 23} In Haller, the court held that the jury's failure to award damages for pain and suffering, even though it awarded damages for medical expenses, was supported by the record for the following reasons:
 {¶ 24} "Daily's expert, Dr. Michael Kramer, testified that it was his opinion that Haller `probably had a mild cervical strain, but it would be very difficult to assume that there was anything more then [sic] that and that that mild cervical strain probably caused *Page 8 
some muscle tension headaches initially.' There was evidence that Haller `had arthritis and other degenerative prosthesis going on in her neck.' A reasonable construction of Dr. Kramer's testimony is that apart from mild headaches within the first thirty days following the accident, which would be treatable with ordinary analgesics, any pain Haller experienced was more likely to have been related to her arthritis.
 {¶ 25} "We recognize that the proximate cause issue was vigorously contested. Nevertheless, we agree with the trial court that there is some evidence in this record from which the jury could reasonably have come to the conclusion `that any pain and suffering experienced by [Haller] was either minimal or related to her condition prior to the accident.' Accordingly, although the issue is close, we conclude that the verdict in this case is not against the manifest weight of the evidence, and that the trial court did not abuse its discretion by denying the motion for a new trial upon that ground." Id. at ¶ 20-21.
 {¶ 26} The Eleventh District also rejected the idea that a plaintiff is always entitled to pain and suffering whenever she is awarded medical expenses in Mensch v. Fisher, 11th Dist. No. 2002-P-0055,2003-Ohio-5701. The appellate court said that the question of whether a particular plaintiff is entitled to pain and suffering is a fact-specific enquiry. Id. at ¶ 29-30. In Mensch, the court concluded that there was no "overwhelming and uncontroverted evidence that appellant incurred pain and suffering from injuries which were the direct result of the car accident. To the contrary, appellee's cross-examination of both Dr. Wagner and appellant established that appellant had no physical restrictions placed upon her, and that she engaged in numerous physical activities with no resulting physical pain. Furthermore, testimony at trial demonstrated that the accident itself was minor and appellant reported no injury or physical pain shortly after it occurred. Such evidence is certainly sufficient to raise the specter of malingering. Thus, the jury could have found that either appellant incurred no pain and suffering, or that any resulting physical pain was so minimal that a monetary award for pain and suffering was not warranted." Id. at ¶ 51; see also Hardy v. Osborn (1988),54 Ohio App.3d 98, 100 *Page 9 
(Plaintiff was only entitled to pain and suffering damages because those damages were undisputed.).
 {¶ 27} In this case, the evidence shows that the jury could reasonably have found that Sandra incurred de minimis pain and suffering even though she incurred medical expenses. The evidence shows that Sandra had been suffering from fibromyalgia before the accident. Fibromyalgia is a chronic condition which is characterized by widespread pain in many body areas. She also had a history of back and neck problems.
 {¶ 28} At the emergency room immediately after the accident, the doctor found "[n] o obvious external injuries" on Sandra's head, face, or neck and no tenderness on her back or neck. The doctor did report that Sandra had both a contusion on her chest and a sprained right shoulder, but found she was able to both elevate that shoulder and move her neck "quite well." Both the chest contusion and the shoulder sprain were injuries which appear to have resolved fairly quickly. There is some evidence showing that both Sandra and Burnworth were traveling at slow speeds at the time of the accident. Finally, Sandra visited her personal doctor shortly after the accident, but his notes from that visit did not mention that Sandra had been in an automobile accident.
 {¶ 29} Based on this evidence, the jury could have reasonably concluded that Sandra suffered no long-term injury as a result of this accident. Furthermore, it could have concluded that the injuries she did incur (the shoulder sprain and chest contusion), were de minimis. At the same time, it could have concluded that the ambulance and emergency room expenses were reasonable since Sandra could not have known the extent of her injuries immediately after the automobile accident.
 {¶ 30} Based on the evidence presented at trial, Sandra is clearly suffering from some sort of pain which is affecting her life. Nevertheless, the jury could have reasonably concluded that this was not a result of this automobile accident. Thus, the jury's failure to award the Burris' any damages for pain and suffering is not against the manifest weight of the evidence. The Burris' arguments to the contrary are meritless. *Page 10 
 Conclusion {¶ 31} The Burris' challenge the damages awarded by the jury in two ways. First, they contend that the jury failed to award any damages for Sandra's TMJ injury despite uncontradicted expert testimony on causation and damages. However, the testimony of their experts was, in fact, contradicted, although indirectly. Thus, the jury's award in this regard was not against the manifest weight of the evidence. Second, the Burris' contend that the jury improperly failed to award pain and suffering damages. However, the jury could have reasonably concluded that Sandra did not incur those damages. Accordingly, the trial court's decision is affirmed.
 Vukovich, J., Waite, J., concurs. *Page 1