OPINION
{¶ 1} Appellant, John W. Hoschar, filed suit against Appellee, Colleen M. Welton, in the Columbiana County Court of Common Pleas as a result of personal injuries he sustained from a motor vehicle accident. Appellee's negligence was stipulated to at trial, but she disputed Appellant's alleged injuries resulting from the accident. Appellee extensively cross-examined Appellant's medical expert and challenged Appellant's and the doctor's credibility. Appellee did not, however, dispute or take issue with Appellant's emergency medical treatment, diagnoses, or transport arising from this collision. The jury rendered a defense verdict and awarded Appellant no damages.
 {¶ 2} Thereafter, Appellant filed a motion for judgment notwithstanding the verdict and a motion for a new trial, alleging that the jury clearly lost its way when it failed to award him any damages in light of his undisputed emergency medical care. The trial court overruled his request.
 {¶ 3} Appellant timely appeals the trial court's decision and raises one assignment of error on appeal. He argues that the jury's verdict was against the manifest weight of the evidence and that the trial court erred in not granting his motion for a new trial. Appellant argues that he should have at least been awarded damages for his emergency treatment on the day of the accident. For the following reasons, we agree with Appellant and sustain his sole assignment of error.
 {¶ 4} In Appellant's sole assignment of error he asserts:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN DENYING HIS MOTION FOR A NEW TRIAL." *Page 2 
 {¶ 6} Appellant claims that he is entitled to a new trial pursuant to Civ.R. 59(A). Civ.R. 59(A)(6) states in part that a new trial may be granted if, "[t]he judgment is not sustained by the weight of the evidence[.]"
 {¶ 7} A court of appeals must affirm a trial court's decision to grant or deny a motion for a new trial, unless it is shown that the trial court abused its discretion. Jones v. Booker (1996), 114 Ohio App.3d 67,682 N.E.2d 1023. An abuse of discretion is more than an error of law or judgment. It is a finding that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 8} "`[I]n order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the elements of damage making up the plaintiff's claim.'" Burris v.Burnworth, 7th Dist. No. 06 JE 52, 2007-Ohio-4619, ¶ 10, quotingBailey v. Allberry (1993), 88 Ohio App.3d 432, 435, 624 N.E.2d 279.
 {¶ 9} However, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." CE. Morris Co. v. Foley Const. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. Unless a greater amount of evidence supports a contradictory finding, appellate courts should defer to the jury's conclusions because it is in a better position, "to view the *Page 3 
witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co., Inc. v. City of Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 10} Appellant argues that the trial court abused its discretion in his case based on the undisputed evidence presented at his jury trial in addition to Appellee's admitted liability. Appellant testified on his own behalf and his chiropractor testified live at trial. His chiropractor was admitted as an expert, and he concluded that Appellant's injuries and subsequent treatment were caused by the car accident.
 {¶ 11} To the contrary, Appellee presented no witnesses and no exhibits. Although Appellee conceded liability for the motor vehicle accident, she did not concede that Appellant's claimed injuries and subsequent treatment were proximately caused by this accident. Appellee argued that Appellant's injuries were preexisting in nature, and challenged Appellant's treatment with a chiropractor as unreasonable and unrelated to this accident. Appellee did not, however, take issue with or challenge Appellant's emergency transport and treatment on the day of the accident. Nevertheless, the jury returned a unanimous defense verdict.
 {¶ 12} Appellant argues on appeal that the undisputed evidence in his case supports that his ambulance transport and emergency room care were reasonable and warranted in light of the nature of the accident. Thus, he claims that he should have at least been awarded damages for his initial emergency treatment and transportation. *Page 4 
 {¶ 13} "Generally, a new trial should be granted under Civ.R. 59(A)(6) where it appears the jury awarded inadequate damages because it failed to consider an element of damages established by uncontroverted expert testimony." Rieman v. Congemi, 8th Dist. No. 83187, 2004-Ohio-1269, at ¶ 10, citing Dillon v. Bundy (1991), 72 Ohio App.3d 767, 596 N.E.2d 500.
 {¶ 14} In Scibelli v. Pannunzio, 7th Dist. No. 02 CA 175, 2003-Ohio-3488, we reviewed a dental malpractice case. At trial, the defendant admitted negligence and the experts agreed that the plaintiff suffered some resultant injury. The plaintiffs expert concluded that the defendant's negligence resulted in the additional loss of four to five of the plaintiffs teeth. The defense expert testified that the delay caused the loss of one to two additional teeth. Nevertheless, both experts agreed that the defendant's delayed diagnosis resulted in the loss of at least one additional tooth. Id. at ¶ 12. The experts' testimony combined with the defendant's admitted negligence established that the defendant was the proximate cause of some injury. Following trial, however, the Scibelli jury entered a defense verdict.
 {¶ 15} The trial court subsequently granted the plaintiff a new trial in light of the undisputed evidence establishing negligence and some resultant injury. On appeal, we affirmed and found no abuse of discretion.
 {¶ 16} In Burris, supra, 7th Dist. No. 06 JE 52, 2007-Ohio-4619, we examined a similar issue arising from a motor vehicle accident. TheBurris jury awarded the plaintiff damages in an amount corresponding to her emergency treatment and lost wages only. It did not award any damages for her continued treatment thereafter or *Page 5 
for pain and suffering since the plaintiff had been receiving treatment for similar problems prior to the accident.
 {¶ 17} In affirming the trial court's denial of her motion for a new trial, we noted that, "the jury could have reasonably concluded that [plaintiff] suffered no long-term injury as a result of this accident. Furthermore, it could have concluded that the injuries she did incur * * * were de minimis. At the same time, it could have concluded that the ambulance and emergency room expenses were reasonable since [plaintiff] could not have known the extent of her injuries immediately after the automobile accident." Id. at ¶ 29. Thus, the failure to award damages beyond the immediate emergency room expenses was not against the manifest weight of the evidence. Id. at ¶ 30.
 {¶ 18} In Enter v. Fettman, 5th Dist. No. 2005CA00023, 2005-Ohio-5525, the plaintiff appealed the trial court's denial of his motion for a new trial. Plaintiff claimed that the parties had stipulated to liability and that the jury erred in finding that the plaintiff's injuries were not proximately caused by the defendant's negligence. Defense counsel acknowledged in his opening statement that the plaintiff suffered some injury from the accident while challenging the plaintiff's preexisting condition. Defense counsel also conceded liability and suggested a minimal damage award in closing argument. The jury, however, awarded the plaintiff no damages. Id. at ¶ 3, 4, 27.
 {¶ 19} After review, the court of appeals found that the jury clearly lost its way, noting that the evidence may not have supported all of plaintiff's claimed injuries, but *Page 6 
that it clearly did support some injury. This, coupled with defense counsel's concessions, warranted a new trial. Id. at ¶ 70.
 {¶ 20} Further, the court of appeals in Neal v. Johnson, 8th Dist. No. 83124, 2004-Ohio-743, ¶ 20, stated that, "a car accident victim should have the opportunity to obtain at least a preliminary medical evaluation in most instances, unless the evidence shows that the contact between the vehicles was very minor."
 {¶ 21} Turning to the matter at hand, the evidence presented at Appellant's trial reveals that Appellee admitted responsibility for the car accident that occurred at the intersection of State Route 164 with State Route 344. While there was no testimony to establish the actual speed of Appellee's automobile at the time of impact, it was acknowledged that Appellee's vehicle struck Appellant's car with significant force. (Tr., pp. 130, 396.)
 {¶ 22} Appellant testified that he had the right of way and was traveling in the left-hand lane at about 35-40 mph in a 55 mph zone. He was passing a truck that was turning in the right-hand lane when Appellee's car struck Appellant's passenger's side front end. The force of the impact caused Appellant to hit his head on the driver's side window. He was wearing his seatbelt at the time. (Tr., pp. 394-397.)
 {¶ 23} Appellant was transported by ambulance to the Salem Community Hospital for emergency care. He was placed in a neck brace and on a backboard. His ambulance transport was $587 and his hospital bill was $1,788.50. Appellant also received a bill in the amount of $531 from the emergency room doctor and a *Page 7 
$340.10 bill from Salem Radiology. (Tr., pp. 398-401, Plaintiffs Exh. 3 and 4.) His expenses on the day of the accident alone totaled $3,246.60.
 {¶ 24} The emergency room records show that Appellant complained of a tender and sore neck, right hip pain, lower and upper back pain, and a headache. He was diagnosed with cervical and lumbar strain and degenerative joint disease of the spine. The records reveal that Appellant advised the hospital staff that he had a previous back injury. He received a Cortisone shot for pain and inflammation. In the report the doctor indicated that it should take Appellant one to two weeks to heal and that he should take two days off from work. Appellant was advised to follow up with his primary care physician in three to four days. He was 47 years old at the time of the accident. (Tr., pp. 291-294, 296, 299, 301-303, 365, Plaintiffs Exh. 7.)
 {¶ 25} Dr. James Morgenstern testified as an expert on Appellant's behalf. Appellant first consulted with Morgenstern's office on September 17, 2003, eight days after the September 9, 2003, accident. Appellant treated with Morgenstern 37 times. (Tr. p. 219.)
 {¶ 26} Morgenstern was aware that Appellant had suffered injuries from a motor vehicle accident more than five years prior, but his records did not reflect the details of that accident or any specific injury that Appellant sustained. Morgenstern confirmed that Appellant had old damage as seen on x-rays as a result of spine degeneration. However, Morgenstern also confirmed that someone with current degeneration is more susceptible to new injury and that prior degeneration of the spine prolongs recovery time for a new injury. (Tr., pp. 188, 198, 205, 226.) *Page 8 
 {¶ 27} Morgenstern testified that Appellant's injuries and treatment with his office were directly caused by the car accident. He concluded that the accident aggravated Appellant's degenerative changes causing permanent aggravation. By the time of trial, Appellant was 50 years old and had a 77-year life expectancy. (Tr., pp. 228-230, 232.)
 {¶ 28} Morgenstern acknowledged that Appellant's bill was still outstanding, and that he would be paid from the damages awarded in the jury's verdict, if any. (Tr., p. 254.)
 {¶ 29} Morgenstern also confirmed that Appellant's CT scan taken on the day of the accident revealed that he had considerable arthritis and that the emergency room reports noted that Appellant had bony spurring in his cervical spine. Further, Appellant had taken an anti-inflammatory for his back pain on that date before he was involved in an accident. (Tr., pp. 274, 276-277, 281.)
 {¶ 30} Appellee's counsel challenged Morgenstern's treatment of Appellant, beginning with the decision to send Appellant for additional x-rays and then later take more x-rays at his office. (Tr., pp. 306, 318.)
 {¶ 31} Appellee's counsel stressed that Appellant had 37 visits with Dr. Morgenstern and that each averaged about $224. Counsel attempted to elicit testimony as to Morgenstern's annual income, but the trial court sustained Appellant's objection. Appellant's outstanding bill with Morgenstern's office at the time of trial was $8,314.06. Appellee suggested to the jury that Appellant's chiropractor and attorney were close friends and that Morgenstern referred Appellant *Page 9 
to his lawyer, but Morgenstern denied these allegations. (Tr., pp. 322, 348-349, Plaintiffs Exh. 5.)
 {¶ 32} Appellant testified at trial. He described an earlier incident that occurred in 1978 during which a Jeep partially rolled onto him. He was in the Army at the time. Even prior to the accident at issue during trial, he was taking Naprosyn, a prescription anti-inflammatory, three to five times per month as prescribed to him by the local Veteran's hospital. (Tr., pp. 387, 390, 391.)
 {¶ 33} Appellant confirmed that he treated with Morgenstern for about nine weeks. He lost five days from work and incurred $399.10 in lost wages following the accident. He testified that he continued to suffer from back and neck problems even after his treatment with Morgenstern. (Tr., pp. 416, 429, 430.)
 {¶ 34} On cross-examination, Appellant revealed that he had also sustained injuries from a slip and fall on ice at a gas station on December 11, 2002. He made a claim for injuries to his neck, back, and buttocks. He testified that his pain from this fall only lasted one day, but he could not recall the length of his treatment. (Tr., pp. 458, 463.)
 {¶ 35} Appellee presented no evidence at trial. In closing, Appellee's counsel argued that Appellant failed to show any evidence that he sustained a new injury as a result of the accident with Appellee and that Appellant lacked credibility due to his failure to reveal that he had had a prior slip and fall. Counsel did concede that Appellant was entitled to some minimal compensation, stating in part, "Do we owe anything for this? Probably, he went to the hospital to be checked out." (Tr., p. 494.) *Page 10 
 {¶ 36} The jury was provided with two verdict forms, one which contained a finding for the plaintiff with a blank to fill in the damages award, and one to allow a finding for the defendant without a space to fill in an award of damages.
 {¶ 37} It is important to note that the jury asked one question of the trial court after it began its deliberations. Its question is as follows: "If we rule in favor of the defendant can we still compensate to cover a portion of the medical expenses?" The trial court's response, if any, to this question is not on the record. Nonetheless, this question coupled with the undisputed evidence presented at trial is most revealing. This question reflects that it is likely the jury did not understand that it could reach a verdict in Appellant's favor and yet find that the majority of his treatment and claimed injuries were not caused as a direct result of this accident.
 {¶ 38} Appellee argues that Appellant's failure to poll the jury once they came back with their verdict removes this potential error from review on appeal. Appellee directs our attention to Wade v.Witherstine (Dec. 22, 2000), 7th Dist. No. 99-CO-53, in which the jury awarded plaintiff a small amount of damages for injuries following a low-impact motor vehicle accident. The $560 award corresponded to the exact amount of lost wages she claimed. The plaintiff was denied a new trial. She argued on appeal that the jury's award was inadequate and that it failed to include medical expenses and pain and suffering. Id. at 2.
 {¶ 39} On appeal we stated:
 {¶ 40} "In order to prevail under Civ.R. 59(A)(6), a movant must demonstrate either that `the jury awarded inadequate damages because it failed to consider an *Page 11 
element of damages established by uncontroverted expert testimony' or that the jury's verdict was not based upon competent, substantial and credible evidence." (Citations omitted.) Id. at 3.
 {¶ 41} In considering this standard and the facts in that case, we concluded that it was conceivable that the jury believed that some medical treatment was necessary and appropriate. There was certainly evidence upon which it could have concluded that the extent of the plaintiff's claimed injuries were unrelated to the accident. Further, we noted that the plaintiff failed to submit interrogatories to the jury to establish on the record how the jury arrived at its award. At no time did we determine the issue was waived for failure to poll the jury. However, based on that record, we concluded that the trial court did not abuse its discretion in failing to order a new trial. Id. at 4.
 {¶ 42} In reviewing all of the relevant cases and in careful review of the record, here, we must conclude that the evidence in this case combined with the jury's question reveal that the jury lost its way when it failed to award Appellant any compensation for his uncontested emergency treatment and transport on the day of the accident. As inScibelli, supra, and many of the other foregoing cases, liability was admitted and there was undisputed evidence of some resulting damage. A reasonably prudent person in an accident of significant force would have sought emergency treatment, Neal, supra, and Appellee has not challenged this emergency treatment, here. Further, Appellant's prior medical problems appear to bolster his need to secure a medical evaluation following an accident of this nature. While *Page 12 
Appellee certainly contested the necessity of Dr. Morgenstern's treatment in its entirety, and was successful in so doing, at no time did Appellee contest the necessity or appropriateness of Appellant's emergency transport or emergency care. Thus, we find that the trial court abused its discretion in failing to order a new trial on this issue pursuant to Civ.R. 59(A)(6).
 {¶ 43} Accordingly, we hereby sustain Appellant's sole assignment of error and reverse this matter. On remand, Appellant is entitled to a new trial on the limited issue of the damages arising from his emergency transportation and care on the day of the accident. *Page 1