[Cite as *Jackovic v. Webb*, 2013-Ohio-2520.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SHERI JACKOVIC, et al.

     Appellants

     v.

MARY WEBB

     Appellee

C.A. No.     26555

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 11 03 1245

DECISION AND JOURNAL ENTRY

Dated: June 19, 2013

HENSAL, Judge.

**{¶1}** Sheri and Donald Jackovic appeal a judgment of the Summit County Common Pleas Court denying their motions for directed verdict, judgment notwithstanding the verdict and new trial. For the following reasons, this Court affirms in part and reverses in part.

I.

**{¶2}** On July 16, 2007, Mrs. Jackovic was carpooling to work with Stacy Davidson when Mary Webb, one of their coworkers, crashed her car into the front-passenger side of Ms. Davidson's car. Ms. Davidson estimated that she was driving at approximately 40 miles per hour at the time. The collision spun Ms. Davidson's car, and the two cars ended up crashing into each other a second time. The collisions caused the airbags in Ms. Davidson's car to deploy, with the passenger-side airbag striking Mrs. Jackovic in the chest. According to Ms. Davidson, following the collisions, Mrs. Jackovic grabbed her chest and started screaming. Mrs. Jackovic testified that her chest hurt so much after the collisions that she thought she was having a heart

attack. Ms. Davidson testified that, when emergency personnel arrived, they put Mrs. Jackovic on a stretcher and took her to an ambulance. At the time, Mrs. Jackovic was wheezing and having trouble breathing. Mrs. Jackovic confirmed that she was transported by stretcher to an ambulance where she was given oxygen.

{¶3}   According to Mrs. Jackovic, the ambulance took her to a hospital, where doctors took x-rays and gave her muscle relaxers. Dr. Martin Hellman diagnosed her as having a chest wall contusion and cervical strain. Dr. Brianne Cicchani prescribed her pain medication and muscle relaxants, released her from the hospital, and told her to follow-up with her regular doctor in three to five days.

{¶4}   Mrs. Jackovic testified that, in addition to the pain in her chest, the accident also injured her neck, which caused her to develop headaches on a regular basis. She testified that, although her doctor prescribed a couple of different drugs for treatment, her neck pain did not resolve. Her doctor, therefore, referred her to a physical therapist, but the pain only got worse. According to Mrs. Jackovic, she still had daily neck pain and headaches at the time of trial.

{¶5}   The Jackovics sued Ms. Webb for negligence and loss of consortium. At trial, Ms. Webb admitted that she had been negligent. She argued, however, that Mrs. Jackovic did not suffer any damages that were proximately caused by her negligence. At the conclusion of the trial, the Jackovics moved for a directed verdict, but the trial court denied their motion. A jury found in favor of Ms. Webb, and awarded the Jackovics zero damages. The Jackovics moved for judgment notwithstanding the verdict and for a new trial, but the court denied their motions. The Jackovics have appealed, assigning four errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED, TO THE PREJUDICE OF SHERI JACKOVIC AND DONALD JACKOVIC, BY DENYING THEIR MOTION FOR DIRECTED VERDICT ON THE ISSUE OF CAUSATION.

**{¶6}** The Jackovics argue that the trial court should have granted their motion for directed verdict because they established causation of the emergency-medical-care that Mrs. Jackovic received immediately following the accident as a matter of law. "Under Civ.R. 50(A)(4), a motion for a directed verdict should be granted if 'the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party.'" *Bennett v. Admir., Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, ¶ 14, quoting Civ.R. 50(A)(4). "Because a motion for a directed verdict presents a question of law, appellate review of a trial court's decision on the motion is de novo." *Id.*

**{¶7}** According to the Jackovics, under Revised Code Section 2317.421, there is a presumption that the medical bills they submitted regarding Mrs. Jackovic's emergency medical care were reasonable. They argue that, because of the presumption of reasonableness, in order to recover their expenses, all they had to show was that the care Mrs. Jackovic received was necessary following the accident. They argue that, in light of seriousness of the accident and the pain that Mrs. Jackovic felt immediately after it, there can be no doubt that the ambulance and hospital-emergency-room services she sought were proximately caused by Ms. Webb's negligent conduct.

**{¶8}** The term proximate cause:

[I]s often difficult of exact definition as applied to the facts of a particular case. However, it is generally true that, where an original act is wrongful or negligent and in a natural and continuous sequence produces a result which would not have taken place without the act, proximate cause is established, and the fact that some other act unites with the original act to cause injury does not relieve the initial offender from liability.

*Clinger v. Duncan*, 166 Ohio St. 216, 222 (1957). "[B]ecause what constitutes a 'natural and continuous sequence' is insusceptible of determination other than in the context of a particular case[,] * * * the issue of proximate cause is ordinarily one for determination by the jury." *Ornella v. Robertson*, 14 Ohio St. 2d 144, 151 (1968). "However, where reasonable minds could not differ with respect to the matter because the circumstances clearly indicate an obvious cause and effect relationship, the issue may be determined as a matter of law." *Id.*; *Waugh v. Chakonas*, 9th Dist. Nos. 25417, 25480, 2011-Ohio-2764, ¶ 16.

**{¶9}** The Jackovics argue that there is no question that it was appropriate for Mrs. Jackovic to seek emergency medical care following the accident for the bruising to her chest and the strain in her neck. They assert that the direct and uninterrupted series of events establish causation as a matter of law. Ms. Webb, on the other hand, argues that there was a question of fact regarding whether Mrs. Jackovic needed medical treatment immediately following the accident. They note that Mrs. Jackovic's medical records show that she was able to walk into the hospital on her own and that a nurse reported that Mrs. Jackovic was "laughing and talking with visitors" while at the hospital. According to the nurse's report, Mrs. Jackovic was in "no obvious distress."

**{¶10}** Upon review of the record, we conclude that the circumstances clearly indicate a causal relationship between the accident and Mrs. Jackovic's emergency medical care. It is obvious that a reasonably prudent person who was in an accident as serious as the one Mrs. Jackovic was in and who was, uncontrovertibly, experiencing significant chest pain would seek

immediate evaluation and treatment from emergency medical personnel. Although Mrs. Jackovic may have felt well enough by the time she arrived at the hospital to laugh and talk with others, it cannot reasonably be disputed that it was appropriate for her to get examined for any injuries she might have suffered in the collision. We note that, in her closing argument, even Ms. Webb conceded that the event was "traumatic" and "frightening" and that "$7500 [would be] a fair and reasonable award in this case * * *." *See Enter v. Fettman*, 5th Dist. No. 2005CA00023, 2005-Ohio-5525, ¶ 70 (concluding that jury lost its way when it found that appellant did not suffer any injury as a result of accident even though defendant did not dispute some of his alleged injuries and suggested a possible compensation sum for those injuries in closing argument).

**{¶11}** We recognize that not every motor vehicle collision will result in a situation where it is obvious that emergency medical care is necessary. Under the facts that were not disputed in this case, however, "reasonable minds could not differ" with respect to whether Ms. Webb's negligence caused Mrs. Jackovic to seek emergency medical attention. *Ornella*, 14 Ohio St. 2d at 151; *see Hoschar v. Welton*, 7th Dist. No. 06CO20, 2007-Ohio-7196, ¶ 42 ("[T]he jury lost its way when it failed to award Appellant any compensation for his uncontested emergency treatment and transport on the day of the accident."). Accordingly, the trial court should have directed a verdict for the Jackovics that Ms. Webb's negligence was the proximate cause of the emergency medical care Mrs. Jackovic received on July 16, 2007.

**{¶12}** The Jackovics also argue that they were entitled to a directed verdict on causation as to the medical care Mrs. Jackovic received after the day of the accident. According to them, Ms. Webb did not offer any evidence that the medical and physical therapy treatment that she sought in the years following the accident were not proximately caused by it. Ms. Webb, on the

other hand, argues that reasonable minds could differ on that issue because Mrs. Jackovic had a history of neck injury and because the expert witness who testified that the accident and Mrs. Jackovic's pain were related was not credible.

{¶13} Upon review of the record, we agree with Ms. Webb that, construing the evidence in a light most favorable to Ms. Webb, reasonable minds could reach different conclusions regarding whether the back and neck pain that Mrs. Jackovic suffered in the years following the accident was proximately caused by the accident. Accordingly, the trial court correctly denied the Jackovics' motion for directed verdict with respect to the medical care Mrs. Jackovic received after the date of the accident.

{¶14} The trial court should have directed a verdict for the Jackovics on causation regarding the emergency medical care Mrs. Jackovic received on July 16, 2007. It correctly denied her motion as to the medical care she received after July 16, 2007. The Jackovics' first assignment of error is sustained in part and overruled in part.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED, TO THE PREJUDICE OF SHERI JACKOVIC AND DONALD JACKOVIC, BY DENYING THEIR MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT RELATIVE TO THE ISSUE OF CAUSATION AND NEW TRIAL ON THE ISSUE OF DAMAGES.

{¶15} The Jackovics argue that the trial court incorrectly denied the motion for judgment notwithstanding the verdict they filed after trial. After a court enters judgment on a jury's verdict, a party may file a motion for judgment notwithstanding the verdict in order to have the judgment set aside on grounds other than the weight of the evidence. Civ.R. 50(B).

> The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is

substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions.

(emphasis deleted) *Osler v. City of Lorain*, 28 Ohio St.3d 345, 347 (1986), quoting *Posin v. A.B.C. Motor Court Hotel*, 45 Ohio St.2d 271, 275 (1976). As with an appeal from a court's ruling on a directed verdict, this Court reviews a trial court's grant or denial of a judgment notwithstanding the verdict de novo. *Williams v. Spitzer Auto World Amherst, Inc.*, 9th Dist. No. 07CA009098, 2008-Ohio-1467, ¶ 9.

{¶16} The Jackovics argue that reasonable minds could not differ as to whether Ms. Webb's negligence caused Mrs. Jackovic to undergo emergency medical care on the day of the accident. Because the tests for a motion for directed verdict and a motion for judgment notwithstanding the verdict are the same, the Jackovics' argument is essentially the same argument that they made with respect to their previous assignment of error. In light of our resolution of that assignment of error, the Jackovics' argument regarding their motion for judgment notwithstanding the verdict, which only concerns the emergency medical care Mrs. Jackovic received on the day of the accident, is moot, and it is overruled on that basis. App.R. 12(A)(1)(c).

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED, TO THE PREJUDICE OF SHERI JACKOVIC AND DONALD JACKOVIC, BY DENYING THEIR MOTION FOR NEW TRIAL RELATIVE TO THE ISSUE OF CAUSATION AND DAMAGES.

{¶17} The Jackovics argue that the trial court should have also granted their motion for new trial under Civil Rule 59(A)(6), (7) and (9). Rule 59 provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: * * * (6) The judgment is not sustained by the weight of the evidence * * *; (7) The

judgment is contrary to law; * * * [or] (9) Error of law occurring at the trial * * *." This Court's standard of review of an order denying a motion for a new trial depends upon the grounds of the motion. "Depending upon the basis of the motion for a new trial, this Court will review a trial court's decision to grant or deny the motion under either a de novo or an abuse of discretion standard of review." *Calame v. Treece*, 9th Dist. No. 07CA0073, 2008-Ohio-4997, ¶ 13, citing *Rohde v. Farmer*, 23 Ohio St.2d 82 (1970), paragraphs one and two of the syllabus. "[W]hen the basis of the motion involves a question of law, the de novo standard of review applies, and when the basis of the motion involves the determination of an issue left to the trial court's discretion, the abuse of discretion standard applies." *Dragway 42, L.L.C. v. Kokosing Constr. Co., Inc.*, 9th Dist. No. 09CA0073, 2010-Ohio-4657, ¶ 32.

{¶18} The Jackovics argue that the trial court should have granted their motion for new trial under Rule 59(A)(7) and (9) because they presented uncontroverted expert witness testimony that the neck pain that Mrs. Jackovic suffered for months and years following the accident was proximately caused by it. They argue that, because causation was established as a matter of law, the court should not have allowed that question to go to the jury.

{¶19} This Court reviews a motion for new trial that is made on the basis that the trial court made an error of law de novo. *Rohde* at paragraph two of the syllabus. On cross-examination, Mrs. Jackovic disclosed that she had been in an automobile collision in 1991 and had been diagnosed with cervical strain afterwards. She also admitted that she received treatment for a stiff neck in 1999. She further admitted that, in 2001, she had pain in her neck that was so severe that she had to go to the emergency room. After the 2001 incident, she began using a cervical pillow, which she still used at the time of the July 2007 accident. She also

acknowledged that the neck injuries that she had before the July 2007 accident were caused by repetitive lifting that she had to do as part of her job.

**{¶20}** Although Ms. Webb did not call an expert witness to rebut the Jackovics' expert witness, it does mean that the jury was required to believe the Jackovics' expert. *Sims v. Dibler*, 172 Ohio App. 3d 486, 2007-Ohio-3035, ¶ 44 (7th Dist.); *State v. Hayden*, 9th Dist. No. 8181, 1976 WL 188955, *2 (Nov. 24, 1976). Once properly before the court, an expert's conclusion become a matter for the trier of fact. *State v. Hartman*, 93 Ohio St.3d 274, 285 (2001). Accordingly, the trial court correctly concluded that the expert's testimony did not establish causation as a matter of law. It, therefore, correctly determined that the Jackovics were not entitled to a new trial under Civil Rule 59(A)(7) or (9).

**{¶21}** The Jackovics also argue that they were entitled to a new trial under Civil Rule 59(A)(6) because the jury's determination that they were not entitled to any damages was against the manifest weight of the evidence. This part of their assignment of error focuses solely on the emergency medical care that Mrs. Jackovic received immediately following the accident. In light of this Court's resolution of the Jackovics' first assignment of error, the argument they have made under Civil Rule 59(A)(6) is moot.

**{¶22}** The trial court correctly denied the Jackovics' motion for new trial under Civil Rule 59(A)(7) & (9). Their argument under Rule 59(A)(6) is moot. The Jackovics' third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

> THE JUDGMENT BELOW WAS CON[TRARY] TO THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶23}** The Jackovics' final argument is that the jury's finding that the emergency medical care expenses that Mrs. Jackovic incurred on the day of the accident were not

proximately caused by Ms. Webb's negligence was against the manifest weight of the evidence. In reviewing manifest weight, this Court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction[s] must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶24} The Jackovics' argument is limited to the emergency-medical-care expenses that Mrs. Jackovic incurred on July 16, 2007. Because we have already determined that the trial court should have directed a verdict for the Jackovics on the issue of whether Ms. Webb's negligence proximately caused those damages, we conclude that the Jackovics' argument is moot. Their fourth assignment of error is overruled on that basis. App.R. 12(A)(1)(c).

III.

{¶25} The judgment of the Summit County Common Pleas Court is affirmed in part and reversed in part. This matter is remanded for the trial court to direct a verdict for the Jackovics on the issue of causation of the ambulance- and hospital-related medical care Mrs. Jackovic received on July 16, 2007, and to hold a new trial on the amount of damages she had as a result of needing emergency medical care after the accident.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

SIDNEY N. FREEMAN, Attorney at Law, for Appellants.

JAMES M. LYONS, JR., Attorney at Law, for Appellee.