[Cite as *Roberts v. Falls Family Practice, Inc.*, 2016-Ohio-7589.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| DANIEL ROBERTS, et al. | C.A. No.  27973 |
| Appellants | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| FALLS FAMILY PRACTICE, INC., et al. | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No.  CV 2013-03-1714 |

DECISION AND JOURNAL ENTRY

Dated: November 2, 2016

SCHAFER, Judge.

{¶1} Plaintiffs-Appellants, Craig and Danielle Roberts (collectively, "Appellants"), appeal the judgment of the Summit County Court of Common Pleas in favor of Dr. Andrew McLaughlin, Dr. Elizabeth Bender, and Falls Family Practice, Inc. (collectively, "Appellees"). For the reasons set forth below, we affirm.

I.

{¶2} On March 26, 2012, Danielle Roberts presented to Falls Family Practice, Inc. complaining of painful hemorrhoids. Upon inspection, Mrs. Roberts was referred within Falls Family Practice, Inc. for a laser hemorrhoidectomy, which was performed by Dr. McLaughlin on March 28, 2012. Dr. McLaughlin removed two hemorrhoids during the procedure. Following the procedure, Dr. McLaughlin gave Mrs. Roberts an Ambien and a prescription for pain medication.

**{¶3}** Later that day, Mrs. Roberts called Dr. McLaughlin's office complaining of pain and seeking additional pain medication. Dr. McLaughlin instructed Mrs. Roberts to take the medication that his office had already prescribed for her. Dr. McLaughlin also informed Mrs. Roberts that he would not prescribe additional pain medication beyond what was already prescribed. After Dr. McLaughlin refused to prescribe additional pain medication, Mrs. Roberts contacted her family physician, who in turn referred her to Dr. Bender, who is a general surgeon. Prior to seeing Dr. Bender, however, Mrs. Roberts presented to the Summa Akron City Hospital Emergency Room complaining of hematochezia, the passage of blood in the stool. The medical personnel at Summa prescribed Mrs. Roberts hydrocodone for pain and also directed her to take over-the-counter stool softener. The medical personnel at Summa also advised Mrs. Roberts to keep her scheduled appointment with Dr. Bender. Mrs. Roberts was ultimately discharged from Summa's care.

**{¶4}** Dr. Bender examined Mrs. Roberts on April 5, 2012. As Mrs. Roberts was experiencing a great deal of discomfort, Dr. Bender was only able to conduct an external examination, during which Dr. Bender noted that an early fissure may be forming. Dr. Bender treated Mrs. Roberts with suppositories, stool softeners, and more pain medication, but informed Mrs. Roberts that if her symptoms did not improve, she may require an internal examination under anesthesia.

**{¶5}** On April 13, 2012, Mrs. Roberts called Dr. Bender with complaints of pain and constipation. Dr. Bender then scheduled a rectal examination under anesthesia for Mrs. Roberts, which Dr. Bender performed on April 16, 2012. During the surgical procedure, Dr. Bender discovered evidence of an anoderm thermal injury involving half the circumference of the anal canal. Based on her experience in treating thermal injuries to the anus, Dr. Bender suspected that

Mrs. Roberts' injury was consistent with a burn, not a fissure. In light of these findings, Dr. Bender performed a diverting colostomy in an effort to alleviate discomfort, allow the tissue to heal, avoid potential fecal impaction, and avoid stercoral ulceration.

{¶6} Three days after Dr. Bender performed the colostomy, a bowel obstruction manifested and Mrs. Roberts was required to undergo exploratory laparoscopic surgery. During this surgical procedure, Dr. Bender discovered that she had inadvertently mixed up the ends of Mrs. Roberts' colon and connected the wrong ends during the colostomy, thus causing an iatrogenic injury. After diagnosing the iatrogenic injury, Dr. Bender subsequently reversed and corrected the colostomy in order to restore flow of Mrs. Roberts' bowel. On June 11, 2012, Dr. Bender correctly diagnosed Mrs. Roberts' injury as a chronic anal fissure and performed a sphincterotomy and papillae removal procedure to correct same. Thereafter, Mrs. Roberts, who continued suffering from significant rectal pain, was referred by Dr. Bender to a number of different doctors for further treatments.

{¶7} On March 27, 2013, Appellants filed suit against Dr. McLaughlin and Falls Family Practice, Inc. for medical malpractice. Appellants subsequently amended their complaint to include Dr. Bender[1] as a co-defendant. Appellees denied Appellants' allegations in their respective responsive pleadings.

{¶8} Trial commenced on August 24, 2015, with jury deliberation beginning on September 2, 2015. The jury ultimately returned a verdict in favor of the Appellees. The trial court memorialized the jury verdict via judgment entry on September 9, 2015.

---

[1] Appellants filed two amended complaints, wherein they named additional parties as co-defendants. However, those parties were eventually dismissed from the present lawsuit and are not relevant to this appeal.

{¶9} Appellants filed this timely appeal and raise five assignments of error for this Court's review. To facilitate our analysis, we elect to address Appellants' second and fifth assignments of error and third and fourth assignments of error together.

II.

**Assignment of Error I**

**The trial court erred in denying Plaintiffs/Appellants' Motion for Directed Verdict.**

{¶10} In their first assignment of error, Appellants argue that the trial court erred by denying their motion for a directed verdict with respect to both their medical negligence claim and the Appellees affirmative defense of contributory negligence. We disagree.

{¶11} Because a motion for directed verdict presents a question of law, our review is de novo. *Spero v. Avny*, 9th Dist. Summit No. 27272, 2015-Ohio-4671, ¶ 17, citing *Jackovic v. Webb*, 9th Dist. Summit No. 26555, 2013-Ohio-2520, ¶ 6. A trial court must grant a motion for directed verdict after the evidence has been presented if, "after construing the evidence most strongly in favor of the party against whom the motion is directed, * * * reasonable minds could come to but one conclusion upon the evidence submitted * * *." Civ.R. 50(A)(4); *Parrish v. Jones*, 138 Ohio St.3d 23, 2013-Ohio-5224, ¶ 16. "By the same token, if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied." *Hawkins v. Ivy*, 50 Ohio St.2d 114, 115 (1977).

{¶12} At the outset, we note that a review of the trial transcript reveals that although Appellants moved for a directed verdict on the Appellees' affirmative defense of contributory negligence, they did not ask for a directed verdict with respect to their own negligence claim. A party's failure to move for a directed verdict at the close of evidence waives all issues except for

plain error review. *See Boyle v. Daimler Chrysler Corp.,* 2d Dist. Clark No. 2001-CA-81, 2002-Ohio-4199, ¶ 59. "The plain error doctrine, however, is not favored and seldom applied in civil appeals." *Id.* Regardless, although Appellants have not forfeited arguing plain error on appeal, they do not make a plain error argument in their appellate brief, and we will decline to fashion such an argument on their behalf and then address it. *See* App.R. 16(A)(7); *Coleman v. Coleman*, 9th Dist. Summit No. 27592, 2015-Ohio-2500, ¶ 9.

{¶13} Turning to Appellant's motion for directed verdict on Appellees' affirmative defense of contributory negligence, we determine that Appellants' argument on this point is moot. A review of the jury interrogatories reveals that the jury specifically found that Mrs. Roberts failed to satisfy her burden of proof with regard to her negligence claim as to all defendants. As such, the jury was precluded from considering the issue of contributory negligence during their deliberations. "An error in charging on contributory negligence is not prejudicial when the jury answers 'no' to the first interrogatory asking whether the defendant is negligent." *Miller v. Andrews*, 5th Dist. Richland No. 12CA44, 2013-Ohio-2490, ¶ 58, citing *Sech v. Rogers*, 6 Ohio St.3d 462, 466 (1983). "In such a case, the inquiry into whether it was error for the trial court to have so charged is immaterial and moot since a finding that defendant is not negligent obviates 'the need for the jury to address the affirmative defenses * * *.'" *Id*., quoting *Johnson v. Toledo Cardiology Assoc., Inc.*, 6th Dist. Lucas No. L-89-292, 1991 WL 43064, *2 (Mar. 29, 1991), citing *Sech* at 466. Thus, without commenting on the propriety of the trial court's decision to instruct the jury on the contributory negligence affirmative defense, we determine that Appellants' argument on this point is moot and any error asserted is harmless based on the jury's verdict finding Falls Family Practice, Inc., Dr. McLaughlin, and Dr. Bender not liable for negligence. *See id*. at ¶ 58-59.

**{¶14}** Appellants' first assignment of error is overruled.

### Assignment of Error II

### The trial court erred in giving erroneous jury instructions.

### Assignment of Error V

### The jury verdict is against the manifest weight of the evidence.

**{¶15}** In their second assignment of error, Appellants argue that the trial court erred by giving erroneous jury instructions. Specifically, Appellants contend that it was improper for the trial court to give an instruction on contributory negligence since no expert medical testimony or evidence was offered at trial demonstrating that Mrs. Roberts was an "active and efficient contributing cause" to her own injuries. Appellants also assert that, given the evidence produced at trial, it was erroneous for the trial court to instruct the jury that they had the option to find one, both, or neither of the Appellees liable. Moreover, in the fifth assignment of error, Appellants argue that the jury verdict in favor of the Appellees is against the manifest weight of the evidence. We disagree with both arguments.

**{¶16}** A trial court is required to provide jury instructions that correctly and completely state the law. *Sharp v. Norfolk & W. Ry. Co.*, 72 Ohio St.3d 307, 312 (1995). Jury instructions must also be warranted by the evidence presented in a case. *See Estate of Hall v. Akron Gen. Med. Ctr.*, 125 Ohio St.3d 300, 2010-Ohio-1041, ¶ 26. "The question of whether a jury instruction is legally correct and factually warranted is subject to de novo review." *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, ¶ 22, citing *Estate of Hall* at ¶ 26. However, a "trial court has discretion to decide to give or refuse a particular jury instruction, and an appellate court will not disturb that decision absent an abuse of discretion." *Clark v. Grant Med. Ctr.*, 10th Dist. Franklin No. 14AP-833, 2015-Ohio-4958, ¶ 50, citing

*Columbus Steel Castings Co. v. Alliance Castings Co., LLC*, 10th Dist. Franklin No. 11AP–351, 2011-Ohio-6826, ¶ 15. An "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶17} Generally, a requested jury instruction should be given if it is a correct statement of the law as applied to the facts in a given case. *Murphy v. Carrollton Mfg. Co.*, 61 Ohio St.3d 585, 591 (1991). "[A] court's instructions to the jury should be addressed to the actual issues in the case as posited by the evidence and the pleadings." *State v. Guster*, 66 Ohio St.2d 266, 271 (1981). In reviewing a record to ascertain the presence of sufficient evidence to support the giving of an instruction, an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction. *Feterle v. Huettner*, 28 Ohio St.2d 54, 55-56 (1971).

{¶18} With respect to Appellants' negligence claim, the trial court included the following jury instruction:

> NO DEFENDANT LIABLE. If you find that [Mrs. Roberts] failed to prove [her] claim by the greater weight of the evidence against both defendants, then your verdict must be for both of the defendants.

Appellants contend that the trial court's instruction is erroneous because "[t]he record clearly established that Mrs. Roberts had received negligent medical treatment at the hands of either Dr. McLaughlin and/or Dr. Bender[.]" As such, Appellants maintain that the trial court was required to instruct the jury to return a verdict in Mrs. Roberts' favor by finding either Dr. McLaughlin or Dr. Bender, or both doctors, negligent.

{¶19} We reject Appellants' reasoning that the trial court was obligated to instruct the jury to return a plaintiff's verdict. A thorough review of the trial transcript reflects that Dr.

McLaughlin and Dr. Bender both presented expert witnesses who testified on their behalf and supported the standard of care with respect to the medical procedures that they respectively performed. Although Dr. McLaughlin and Dr. Bender and their respective witnesses may have "pointed the finger" at the other co-defendant while simultaneously denying liability, such finger pointing amongst co-defendants is not dispositive of whether negligence in fact occurred. Indeed, after hearing all of the testimony, the jury was free to accept all, some, or none of the evidence presented at trial, thus leaving the prospect of a complete defense verdict. *See Henson v. K. Collins Plumbing, Inc.*, 12th Dist. Clermont No. CA2005-07-069, 2006-Ohio-3090, ¶ 49 ("As the trier of fact, the jury was free to accept or reject any or all of appellants' evidence * * *. A jury is free to accept or reject any or all of the testimony of a witness, including testimony of an expert witness."). Accordingly, we conclude that the trial court's jury instruction was neither legally incorrect nor factually unwarranted based on the record before us. The trial court therefore did not err by giving the disputed jury instruction.

{¶20} Appellants also maintain that the jury's verdict completely in favor of the Appellees is against the manifest weight of the evidence. In support of their manifest weight argument, Appellants advance the same arguments that were made in support of their argument that the trial court's jury instruction was erroneous; namely, that Dr. McLaughlin and/or Dr. Bender must have been negligent since their respective expert witnesses testified that the other co-defendant caused Mrs. Roberts' injury by providing medical treatment that fell below the requisite standard of care. However, as noted above, the jury was free to discount any or all of the witnesses' trial testimony. *See id*. at ¶ 49. Although Mrs. Roberts attempted to show at trial that the co-defendants' finger-pointing demonstrated that one or both of the defendants were negligent, the jury was free to disregard that theory. After reviewing the record, we cannot

conclude that the jury lost its way and committed a manifest miscarriage of justice in not finding any of the Appellees liable for negligence. *See State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶21} Turning to the trial court's jury instruction on contributory negligence, we again determine that Appellants' argument on this point is misplaced. A review of the jury interrogatories reveals that the jury explicitly found that Mrs. Roberts failed to prove by a preponderance of the evidence that Falls Family Practice, Inc., Dr. McLaughlin, and/or Dr. Bender were negligent. Accordingly, the jury never considered the issue of contributory negligence during their deliberations. Thus, assuming arguendo that the trial court's jury instruction on the affirmative defense of contributory negligence was improper, Appellants are unable to demonstrate how they were prejudiced by such an instruction. *See Cromer*, 142 Ohio St.3d 257, 2015-Ohio-229, at ¶ 56 (O'Donnell, J., concurring in judgment only) ("Erroneous jury instructions rise to reversible error only if 'the jury charge was so misleading and prejudicial as to result in an erroneous verdict.'"), quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, ¶ 25.

{¶22} Appellants' second and fifth assignments of error are overruled.

### Assignment of Error III

**The trial court erred in excluding standard of care testimony of Defendant Hugh McLaughlin, M.D.**

### Assignment of Error IV

**The trial court erred in improperly excluding standard of care testimony of Defendant Elizabeth Bender, M.D.**

{¶23} In their third and fourth assignments of error, Appellants contend that the trial court erred by prohibiting Dr. McLaughlin from testifying about Dr. Bender's standard of care, and vice versa. We disagree.

{¶24} "A trial court has discretion to determine whether a witness is competent to testify as an expert, and the trial court's decision will not be reversed absent an abuse of discretion." *Celmer v. Rodgers*, 114 Ohio St.3d 221, 2007-Ohio-3697, ¶ 19. An "abuse of discretion" implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219. However, "a court's ruling on a motion in limine does not preserve issues related to evidentiary rulings for appeal." *State v. Garfield*, 9th Dist. Lorain No. 09CA009741, 2011-Ohio-2606, ¶ 55. "The law is well settled that failure to contemporaneously object during the identification of [evidence] and testimony regarding it forfeits appellate review." *State v. Rice*, 9th Dist. Summit No. 26116, 2012-Ohio-2174, ¶ 20, quoting *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 49.

{¶25} Here, Dr. Bender filed motions in limine to prohibit testimony concerning the standard of care provided by both herself and Dr. McLaughlin. Although Appellants filed briefs in opposition to Dr. Bender's motions, they neither objected contemporaneously when the trial court revisited the issue at trial, nor proffered what Dr. McLaughlin and Dr. Bender's testimony would have been on cross-examination if they were permitted to give their respective opinions. Accordingly, Appellants have forfeited their arguments pertaining to the trial court's decision to exclude such standard of care testimony save for that of plain error. *See State v. Roy*, 9th Dist. Lorain No. 13CA010404, 2014-Ohio-5186, ¶ 68-69 (determining that appellant forfeited appellate review of trial court's ruling on a motion in limine "by not revisiting the court's preliminary ruling at trial."), citing *State v. Ibn-Ford*, 9th Dist. Summit No. 26386, 2013-Ohio-

2172, ¶ 60. While Appellants have not forfeited arguing the existence of plain error on appeal, they failed to make a plain error argument in their appellate brief, and we decline to make such an argument on their behalf. *See* App.R. 16(A)(7); *Coleman*, 2015-Ohio-2500, at ¶ 9.

**{¶26}** Appellants' third and fourth assignments of error are overruled.

## III.

**{¶27}** With all of Appellants' assignments of error having been overruled, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JULIE A. SCHAFER
FOR THE COURT

WHITMORE, J.
CONCURS.

MOORE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶28}  Although I agree that the Roberts' assignments of error are properly overruled, I would analyze them differently than the majority.  With specific respect to the first assignment of error, I believe that the Roberts' motion for a directed verdict, although not the model of clarity, could be read as encompassing a motion for a directed verdict with respect to the doctors' negligence.  I would address, and overrule, this portion of the first assignment of error on the merits.  With specific respect to the third and fourth assignments of error, I would address those assignments on their merits, and I would overrule them on the basis that the trial court did not abuse its discretion in sustaining the objections to the testimony at issue at trial.

APPEARANCES:

ANTONIOS P. TSAROUHAS, Attorney at Law, for Appellants.

BARRY M. WARD, Attorney at Law, for Appellants.

STEPHEN P. GRIFFIN, Attorney at Law, for Appellees.

STACY A. DELGROS, Attorney at Law, for Appellees.