[Cite as *Bowerman v. Taylor*, 2019-Ohio-511.]

STATE OF OHIO       )               IN THE COURT OF APPEALS
                         )ss:             NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

RODNEY BOWERMAN, et al.          C.A. No.     28785

     Appellants/Cross-Appelleees

     v.                               APPEAL FROM JUDGMENT
                                  ENTERED IN THE
WILLIAM K. TAYLOR, M.D., et al.    COURT OF COMMON PLEAS
                                  COUNTY OF SUMMIT, OHIO
     Appellees                  CASE No.     CV-2016-03-1453

     and

SUMMA HEALTH SYSTEM dba AKRON
CITY HOSPITAL

     Appellee/Cross-Appellant

DECISION AND JOURNAL ENTRY

Dated: February 13, 2019

HENSAL, Judge.

**{¶1}** Rodney and Hilary Bowerman appeal an entry of judgment for William K. Taylor, M.D., Akron Radiology, Inc., and Summa Health System in the Summit County Court of Common Pleas. They also appeal an order that denied their motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. Summa has filed a conditional cross-appeal. For the following reasons, this Court affirms.

I.

**{¶2}** After Mr. Bowerman reported having back pain, his primary-care physician sent him to the emergency room at Akron City Hospital, which is owned by Summa. At the hospital, Mr. Bowerman underwent a cervical and thoracic MRI without contrast, which Dr. Taylor, a

radiologist, read. Dr. Taylor saw an abnormality in the MRI, but he did not include it in his report because he thought it was simply edema caused by the length of time that Mr. Bowerman was laying down during the test. He, therefore, wrote that the MRI was negative, except for a slight issue with one of Mr. Bowerman's discs. Accordingly, the emergency room physicians prescribed Mr. Bowerman pain medication and sent him home. Several days later, however, Mr. Bowerman's condition worsened and he began experiencing neurological deficits. He returned to the hospital, where he was diagnosed with a spinal epidural abscess. By the time a surgeon removed the abscess, Mr. Bowerman had suffered permanent neurological damage.

{¶3} The Bowermans sued Dr. Taylor, Dr. Taylor's employer, and Summa, alleging negligence. A jury found, however, that Dr. Taylor's conduct was not negligent. The trial court, therefore, entered judgment for him, his employer, and Summa. Following trial, the Bowermans moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court denied their motions. The Bowermans have appealed, assigning two errors. Summa has filed a conditional cross-appeal.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILING TO GRANT JUDGMENT NOTWITHSTANDING THE VERDICT

{¶4} The Bowermans argue that the trial court incorrectly denied their motion for judgment notwithstanding the verdict. Under Civil Rule 50(B), after the jury's verdict is entered in the trial court's judgment, the losing party may move to have the judgment set aside. Judgment notwithstanding the verdict pursuant to Civil Rule 50(B) "is proper if upon viewing the evidence in a light most favorable to the non-moving party and presuming any doubt to favor the nonmoving party reasonable minds could come to but one conclusion, that being in favor of the moving party." *Williams v. Spitzer Auto World, Inc.*, 9th Dist. Lorain No. 07CA009098,

2008-Ohio-1467, ¶ 9. If, however, "there is substantial evidence to support [the non-moving party's] side of the case, upon which reasonable minds may reach different conclusions, the motion [for judgment notwithstanding the verdict] must be denied." *Jackovic v. Webb*, 9th Dist. Summit No. 26555, 2013-Ohio-2520, ¶ 15, quoting *Osler v. City of Lorain*, 28 Ohio St.3d 345, 347 (1986). When considering a motion for judgment notwithstanding the verdict, a court must consider neither the weight of the evidence nor the credibility of the witnesses. *Osler* at syllabus. We review a trial court's ruling on a motion for judgment notwithstanding the verdict de novo. *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002–Ohio–2842, ¶ 4.

{¶5} The Bowermans argue that they were entitled to judgment notwithstanding the verdict because the trial court allowed Dr. Taylor to present evidence that Mr. Bowerman was contributorily negligent. In particular, they argue that Dr. Taylor improperly presented evidence that Mr. Bowerman had been noncompliant in caring for his diabetes condition. According to the Bowermans, people with uncontrolled diabetes are at a greater risk of infection and have a greater risk that antibiotics will not work against an infection. The evidence of Mr. Bowerman's noncompliance, therefore, allowed the jury to infer that he was responsible for the abscess. The Bowermans argue that, "[w]ithout evidence that [Mr. Bowerman] was responsible for his infection and injuries, the jury would have concluded that Dr. Taylor's failure to meet the standard of care proximately caused [his] injuries."

{¶6} We note that, contrary to the Bowermans' argument, the jury found that Dr. Taylor was not negligent. The court had instructed the jury that it must find Dr. Taylor negligent if he "failed to meet [the] standard of care[.]" The jury did not reach the issue of whether it was Dr. Taylor's actions or something else that caused Mr. Bowerman's injuries. This Court's

review of the Bowermans' motion for judgment notwithstanding the verdict, therefore, is limited to whether there was substantial evidence in the record to support the jury's standard-of-care finding.

{¶7} Dr. Taylor testified that he is an expert in radiology. He admitted that he saw an area of high signal while reading the MRI of Mr. Bowerman's thoracic spine. He explained, however, that fluid accumulates in the back while patients are undergoing an MRI scan and that it was the sort of thing he sees all the time. He, therefore, discounted it as unimportant even though it was obvious. Dr. Taylor testified that he did not mention the area of high signal in his report because he tries to keep them as succinct as possible for the emergency room doctors.

{¶8} Dr. Steven Deutch also testified as an expert in radiology on behalf of Dr. Taylor. He said that he had reviewed the same MRI as Dr. Taylor, with only the knowledge that Mr. Bowerman was an emergency room patient with back pain. According to Dr. Deutch, he also did not see a clinically significant abnormality on his first reading of the MRI. Dr. Deutch testified that there was nothing markedly significant and that the only abnormalities he noted were a couple of mild disk bulges in Mr. Bowerman's cervical spine and a moderate disk bulge in his thoracic spine. Dr. Deutch opined that, based on the exams and patient history that had been provided to Dr. Taylor at the time Dr. Taylor read Mr. Bowerman's MRI, Dr. Taylor met the standard of care.

{¶9} Upon review of Dr. Taylor's and Dr. Deutch's testimony, we conclude that there is substantial evidence in the record to support the jury's finding that Dr. Taylor did not breach the standard of care. Accordingly, even though the Bowermans presented multiple witnesses who opined that Dr. Taylor's review of the MRI was below the standard of care, we conclude

that the trial court correctly denied their motion for judgment notwithstanding the verdict. *See Osler*, 28 Ohio St.3d, at 349-350. The Bowermans' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO GRANT A NEW TRIAL[.]

{¶10} The Bowermans also argue that the trial court incorrectly denied their motion for new trial under Civil Rule 59(A)(9). That rule provides that "[a] new trial may be granted * * * upon any of the following grounds: * * * [e]rror of law occurring at the trial and brought to the attention of the trial court by the party making the application." "This Court reviews a motion for new trial that is made on the basis that the trial court made an error of law de novo." *Jackovic*, 9th Dist. Summit No. 26555, 2013-Ohio-2520, at ¶ 19.

{¶11} The Bowermans argue that the trial court incorrectly allowed the jury to hear testimony that Mr. Bowerman's noncompliance with his diabetes treatment and a prior lung infection caused or contributed to his spinal epidural abscess. They argue that this testimony implied that Mr. Bowerman was contributorily negligent even though that was not an issue in the case. They also argue that the evidence unduly prejudiced their case. They contend that Dr. Taylor and his employer examined Mr. Bowerman extensively about his efforts to maintain control of his diabetes over the years and made its uncontrolled nature a focal point of their opening statement and closing argument.

{¶12} In addition to proving that Dr. Taylor's reading of the MRI was below the standard of care, the Bowermans also had to prove that his alleged malpractice was a proximate cause of Mr. Bowerman's neurological deficits. The Bowermans presented evidence that the area of high signal that Dr. Taylor failed to describe in his MRI report was actually an infection that spread into Mr. Bowerman's spine, which was adjacent to it. They also presented evidence

that, if Mr. Bowerman had begun treatment for the infection on July 29, the infection would not have spread and created the abscess. In defense of the Bowermans' proximate cause argument, Dr. Taylor and his employer introduced evidence through cross-examination of the Bowermans' witnesses that patients with uncontrolled diabetes have a greater risk of infection. It was their theory that the area of high signal was not an infection, but that the infection actually spread to Mr. Bowerman's spine from a different location. They also introduced evidence that patients with uncontrolled diabetes have a reduced ability to heal, which was an attempt to establish that, even if Mr. Bowerman had received treatment on July 29, it may not have stopped the spread of the infection. In support of their argument, they pointed to a previous infection that Mr. Bowerman had experienced in which he had required surgery after treatment with antibiotics was ineffective.

{¶13} Upon review of the record, we conclude that the evidence that Mr. Bowerman had Type I diabetes that was uncontrolled at the time of the MRI was relevant as to whether Dr. Taylor's alleged malpractice was a proximate cause of Mr. Bowerman's neurological deficits. *See* Evid.R. 402 ("All relevant evidence is admissible * * *."). Accordingly, the trial court's admission of that evidence was not an error of law on which the court could grant the Bowermans' motion for new trial.

{¶14} Regarding noncompliance, the Bowermans point to passages in Dr. Taylor's and his employer's opening statement and closing argument where their attorney argued that Mr. Bowerman's diabetes was uncontrolled. Statements of counsel, however, do not qualify as evidence. *Greathouse v. Hilliard*, 9th Dist. Summit No. 28265, 2017-Ohio-2636, ¶ 8. In addition, an argument that Mr. Bowerman's diabetes was uncontrolled is not the same as an argument that Mr. Bowerman was noncompliant with his treatment. Mr. Bowerman testified on

direct examination that his blood sugar level is sometimes abnormal even when he is doing everything he can to take care of his condition. The Bowermans have not directed this Court to any place in the record where Dr. Taylor and his employer presented evidence that Mr. Bowerman failed to comply with his diabetes treatment. We, therefore, conclude that they have not demonstrated that the trial court made an error of law on which it could grant a new trial.

{¶15} The Bowermans next argue that the trial court incorrectly refused to provide a jury instruction on contributory negligence. They argue that, because the trial court allowed the jury to hear evidence that Mr. Bowerman was not compliant with his diabetes treatment, it was obliged to instruct the jury about the proper use of that evidence.

{¶16} Under Evidence Rule 105, "[w]hen evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request of a party, shall restrict the evidence to its proper scope and instruct the jury accordingly." The Ohio Supreme Court has also explained that "[o]rdinarily requested instructions should be given if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instruction." *Murphy v. Carrollton Mfg. Co.*, 61 Ohio St.3d 585, 591 (1991), quoting Markus & Palmer, *Trial Handbook for Ohio Lawyers* 860, Section 36:2 (3 Ed.1991).

{¶17} Regarding noncompliance, as we previously noted, the Bowermans have not directed this Court to any evidence introduced by Dr. Taylor and his employer that Mr. Bowerman was not compliant with his diabetes treatment. Dr. Taylor and his employer also did not argue that Mr. Bowerman was contributorily negligent. The trial court, therefore, correctly determined that an instruction on contributory negligence was not appropriate. *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, ¶ 33. Although there

was evidence that Mr. Bowerman's diabetes was uncontrolled, it was relevant as to the cause of the abscess and whether the infection would have responded to treatment. We conclude that the court's failure to instruct the jury on contributory negligence was not an error of law that entitled the Bowermans to a new trial.

{¶18} The Bowermans also argue that the trial court incorrectly failed to submit several interrogatories to the jury. Civil Rule 49(B) provides that "[t]he court shall submit written interrogatories to the jury, together with appropriate forms for a general verdict, upon request of any party prior to the commencement of argument." "The purpose of an interrogatory is to test the jury's thinking in resolving an ultimate issue so as not to conflict with its verdict." *Moretz v. Muakkassa*, 137 Ohio St.3d 171, 2013-Ohio-4656, ¶ 77, quoting *Freeman v. Norfolk & W. Ry. Co.*, 69 Ohio St.3d 611, 613 (1994). "[If] both the content and the form of a proposed interrogatory are proper, Civ.R. 49 imposes a mandatory duty upon the trial court to submit the interrogatory to the jury." *Id.*

{¶19} The interrogatories that the Bowermans proposed were whether Dr. Taylor and his employer proved by a preponderance of the evidence that Mr. Bowerman was negligent and whether they proved that Mr. Bowerman directly and proximately caused his own injuries. The interrogatories also asked the jury to state in what respects Mr. Bowerman was negligent and to assign to Mr. Bowerman and Dr. Taylor the percentages to which their negligence caused Mr. Bowerman's injuries. The Bowermans argue that the interrogatories would have tested the correctness of the jury's general verdict and allowed the court to determine whether it was based on a finding that Mr. Bowerman caused his own injuries.

{¶20} The interrogatories proposed by the Bowermans all pertained to whether Mr. Bowerman was contributorily negligent and, if so, the degree to which it caused his injuries,

which were not issues in the case. Accordingly, because the content of the interrogatories was not proper, we conclude that the trial court's failure to submit them to the jury was not an error of law that entitled the Bowermans to a new trial under Rule 59(A)(9). The Bowermans' second assignment of error is overruled.

### CONDITIONAL CROSS-ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING DEFENDANT CROSS-APPELLANT/APPELLEE SUMMA HEALTH SYSTEM'S MOTION FOR DIRECTED VERDICT ON THE AGENCY-BY-ESTOPPEL CLAIM ASSERTED BY PLAINTIFFS APPELLANTS/CROSS APPELLEES RODNEY AND HILARY BOWERMAN.

{¶21} Summa argues in its conditional cross-assignment of error that the trial court should have directed a verdict to it on the Bowermans' agency-by-estoppel claim. *See* App.R. 3(C)(1). In light of our resolution of the Bowermans' assignments of error, we conclude that the issue raised by Summa is moot. Accordingly, we will not address it. App.R. 12(A)(1)(c).

### III.

{¶22} The Bowermans' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants/Cross-Appellees.

_____
JENNIFER HENSAL
FOR THE COURT


SCHAFER, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

STEPHEN S. CRANDALL, Attorney at Law, for Appellants/Cross-Appellees.

STACY A. STARCHER and JILLIAN L. DINEHART, Attorneys at Law, for Appellees.

SUSAN M. AUDEY, MATTHEW P. MORIARTY, and SARAH STOVER, Attorneys at Law, for Appellee/Cross-Appellant.