**[Cite as *Gallagher v. Fast*, 2024-Ohio-1003.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

WILLIAM J. GALLAGHER, et al.

    Appellants

    v.

DEBRA A. FAST, et al.

    Appellees

C.A. No.    23AP0004

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2018 CVC-H 000341

DECISION AND JOURNAL ENTRY

Dated: March 18, 2024

STEVENSON, Judge.

**{¶1}** Appellants, William and Deborah Gallagher (collectively "Gallagher"), appeal from the judgment of the Wayne County Court of Common Pleas denying their motion for judgment notwithstanding the verdict ("JNOV") and/or motion for new trial. For the reasons set forth below, we reverse and remand for further proceedings.

I.

**{¶2}** Gallagher and Appellee Benjamin Dagley are former coworkers at Barker Products. Gallagher eventually ran Barker's day-to-day operations while Dagley worked as an outside salesman for the company.

**{¶3}** After working together for a couple of years, Dagley borrowed personal money from Gallagher. Gallagher commenced suit against Dagley after Dagley failed to pay Gallagher back. Gallagher obtained judgment against Dagley in the amount of $1,019,200, plus interest at 3% from the date of the June 26, 2015, judgment. Dagley later testified in a judgment debtor's

examination, wherein he represented that he did not receive remuneration from a dormant LLC he owned known as SLB Partners, LLC ("SLB").

{¶4} Beginning around 2011 and through 2017, Dagley resided with Appellee Debra A. Fast. Dagley lived with Fast when he was first sued by Gallagher; when the June 15, 2015, judgment was rendered; and when the judgment debtor's examination was conducted.

{¶5} On November 20, 2015, after Gallagher obtained judgment against Dagley, Fast became the sole owner of SLB and changed the LLC's name to BDP Partners, LLC. Fast was BDP's sole owner from November, 2015 through July, 2017.

{¶6} Gallagher filed a complaint in the Wayne County Court of Common Pleas seeking joint and several liability against Dagley, Fast, and BDP on August 27, 2018. Gallagher's complaint asserted fraudulent conveyance and civil conspiracy claims.

{¶7} Gallagher's claims against Dagley, Fast, and BDP were tried to a jury. The jury granted judgment in favor of Gallagher and against Dagley and BDP on the fraudulent conveyance and civil conspiracy claims. The jury awarded Gallagher $19,000 for the fraudulent conveyance claim against Dagley and $0 for the civil conspiracy. The jury did not award any damages from BDP. The jury found in favor of Fast on both the fraudulent conveyance and civil conspiracy claims.

{¶8} The trial court issued a judgment entry accepting the jury's verdict and ordering that Gallagher recover $19,000 from Dagley and no damages against BDP. The trial court ordered that all claims against Fast be dismissed and it assessed costs to Dagley.

{¶9} Following the jury verdict and trial court's judgment entry, Gallagher filed a motion for JNOV and/or motion for new trial. Gallagher argued in his JNOV motion, filed pursuant to Civ.R. 50(B), that the jury's civil conspiracy judgment is contrary to law. Gallagher asserted that

the evidence adduced at trial established that, at all relevant times including the times of the transfers at issue, Dagley was the sole agent and representative of BDP. Gallagher argued that a corporation cannot conspire with its agents or employees; that BDP could not have been Dagley's co-conspirator; and that the jury's verdict was contrary to law. Gallagher maintained that the jury erred in finding Fast not liable for civil conspiracy. Gallagher further argued that the jury's damages award was inconsistent as the awarded damages should not have been less than those for fraudulent transfer.

{¶10} Gallagher also argued that, due to multiple errors of law that occurred, he was entitled to a new trial under Civ.R. 59. Gallagher argued that the court erred when it used Fast's untimely jury instructions, which did not include the statutory badges of fraud or a punitive damages instruction. It was further asserted that the trial court gave incorrect answers to the jury's second set of questions during deliberations. The jury's question was whether BDP could be liable for civil conspiracy. Although Gallagher's counsel indicated that it believed the answer was no, the court answered the question in the affirmative. Gallagher's counsel objected to the court's response and counsel claims that he quickly found the correct answer. Gallagher argues on appeal that the trial court erred when it denied counsel's request to put his objections or proffer on the record.

{¶11} Fast filed a brief in opposition to the motion for JNOV and/or motion for new trial, arguing that there was no basis for either request. Fast argued that the court properly instructed the jury on the law and properly allowed counsel to express their positions on the jury questions.

{¶12} The trial court issued a judgment entry on December 22, 2022, denying Gallagher's motion for JNOV and/or motion for new trial. Gallagher appeals the trial court's decision, asserting

three assignments of error for our review. We consider the assignments of error out of order because the third assignment of error is dispositive of this appeal.

II.

**ASSIGNMENT OF ERROR #3**

**THE TRIAL COURT ERRED IN DENYING GALLAGHER'S POST-TRIAL RULE 50 MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND/OR FOR A NEW TRIAL.**

**{¶13}** Gallagher argues in his third assignment of error that the trial court erred in denying his post-trial Civ.R. 50 motion for JNOV and/or for a new trial pursuant to Civ.R. 59.

**{¶14}** Civ.R. 50(B) provides for the filing of post-trial motions for JNOV. A trial court's ruling on a motion for JNOV judgment under Civ.R. 50(B) presents a question of law that is reviewed de novo on appeal. *Toth v. Oberlin Clinic, Inc.*, 9th Dist. Lorain No. 01CA007891, 2002-Ohio-2211, ¶ 19, citing *Posin v. A.B.C. Motor Court Hotel, Inc.*, 45 Ohio St.2d 271, 275 (1976).

**{¶15}** Civ.R. 59 provides for the filing of a motion for new trial. While Gallagher does not state the section of Civ.R. 59 upon which he relies, he moved for a new trial pursuant to subsections (1), (7), and (9). Only Civ.R. 59(A) includes subsections (1), (7), and (9), and provides:

> **(A)    Grounds for New Trial.** A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
>
> (1)    Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
>
> * * *
>
> (7)    The judgment is contrary to law;
>
> * * *

(9)    Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.

{¶16}  The standard of review for a trial court's ruling on a motion for new trial under Civ.R. 59(A) depends on the grounds for the motion. *Jackovic v. Webb*, 9th Dist. Summit No. 26555, 2013-Ohio-2520, ¶ 17. "For motions brought under Civ.R. 59(A)(1)-(6) and (8), a trial court's ruling 'is reviewed for * * * abuse of discretion,' whereas for motions brought under Civ.R. 59(A)(7) and (9), a trial court's ruling 'is reviewed de novo.'" *Harrison v. Horizon Women's Healthcare, LLC,* 2d Dist. Montgomery No. 28154, 2019-Ohio-3528, ¶ 11, quoting *Moore v. Moore*, 6th Dist. Erie No. E-17, 2018-Ohio-1545, ¶ 14. *See McMichael v. Akron Gen. Med. Ctr.*, 9th Dist. Summit No. 28333, 2017-Ohio-7594, ¶ 41 (abuse of discretion standard applies to a trial court's ruling on a motion for new trial under Civ.R. 59(A)(1)); *Catalanotto v. Byrd*, 9th Dist. Summit No. 28426, 2017-Ohio-7688, ¶ 12 (de novo standard of review applies to a motion for new trial under Civ.R. 59(A)(7)); *Jackovic* at ¶ 19 (de novo standard of review applies to motions for new trial based on an error of law, pursuant to Civ.R. 59(A)(9)).   In relation to the disposition of a motion for a new trial, abuse of discretion "'implies an unreasonable, arbitrary[,] or unconscionable attitude upon the part of the court.'" *J.A. Berk & Assocs. v. Levin*, 9th Dist. Lorain No. 01CA007943, 2002-Ohio-3182, ¶ 20, quoting *Poske v. Mergl*, 169 Ohio St. 70, 75 (1959).

{¶17}  While neither Civ.R.50 nor Civ.R. 59 require a court to state its reasons for denying motions filed under those rules, the trial court elected to issue a written decision with findings. The trial court denied Gallagher's motion for JNOV and/or motion for new trial, finding:

> Plaintiffs were able to present their case against defendant Fast to a jury.  The other defendants are uncollectible, Fast is collectible.  The jury was not convinced and found for Fast.  Plaintiffs now want to do it all over again.  Plaintiffs chose to invest with and lend money to defendant Dagley.  He took them for a ride, with their eyes open.  Fast had nothing to do with their losses.
>
> The motion is denied.

{¶18} The trial court's judgment entry does not include an analysis of the arguments presented in Gallagher's motion, specifically his motion for new trial based on irregularity in the proceedings pursuant to Civ.R. 59(A)(1), which is reviewed for an abuse of discretion. It is unclear from the trial court's opinion whether it considered Gallagher's claims that there were any irregularities in the jury instructions or answers to the jury's questions. The trial court's opinion only discusses the factual issues raised in the motions for JNOV and new trial. While the trial court's written decision on Gallagher's motion pursuant to Civ.R. 59(A)(1) is subject to an abuse of discretion standard, the judgment entry is conclusory and does not contain sufficient detail to allow this Court to review the trial court's exercise of discretion. Further, while the trial court's written decision on Gallagher's motion pursuant to CivR.59(A)(7) and (9) is reviewed de novo, the judgement entry does not address the legal sufficiency of the jury instructions or the court's answers to the jury's questions during deliberations making it unclear if the trial court considered all of the arguments that were before it.

{¶19} Accordingly, Gallagher's third assignment of error is sustained and this matter is remanded so that the trial court can elaborate its rationale for reaching its decision. The trial court shall analyze the arguments presented in Gallagher's motion for JNOV and/or motion for new trial so that this Court is able to review the trial court's exercise of discretion on appeal.

<u>**ASSIGNMENT OF ERROR #1**</u>

**THE TRIAL COURT GAVE ERRONEOUS JURY INSTRUCTIONS.**

<u>**ASSIGNMENT OF ERROR #2**</u>

**THE TRIAL COURT ERRED IN DENYING GALLAGHER THE RIGHT TO MAKE HIS MOTION FOR A DIRECTED VERDICT, WHEN THE EVIDENCE CLEARLY ESTABLISHED HIS ENTITLEMENT TO A DIRECTED VERDICT.**

**{¶20}** Gallagher argues in his first assignment of error that the trial court gave erroneous jury instructions. Gallagher argues in his second assignment of error that the trial court erred when it denied him the right to make a motion for a directed verdict. In light of this Court's disposition of Gallagher's third assignment of error, we conclude that a review of Gallagher's first and second assignments of error is premature at this time. This Court, therefore, declines to address the first and second assignments of error.

III.

**{¶21}** Gallagher's third assignment of error is sustained. We decline to address Gallagher's first and second assignments of error on the basis that they are premature. The judgment of the Wayne County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

SCOT STEVENSON
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

BRIAN HALLIGAN, Attorney at Law, for Appellants.

DARIN AVERY, Attorney at Law, for Appellants.

ANTHONY F. STRINGER, Attorney at Law, for Appellee Fast.